(117 App. Div. 502)

WELLS v. SQUIRES et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

PERPETUITIES—SUSPENSION OF ABSOLUTE OWNERSHIP—PERSONAL PROPERTY.

A bequest in trust of certain personal property for the purpose of paying over therefrom to three named persons during their natural lives certain annuities in monthly payments was not a trust to receive the income and out of it alone to pay the annuities, and hence, under Personal Property Law, Laws 1897, p. 508, c. 417, § 3, providing that the interest of a beneficiary in any other trust in personal property, than one to receive income and apply it to the use of a beneficiary may be transferred, was not invalid as unlawfully suspending the absolute ownership of personal property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 48, 54, 55.]

Appeal from Special Term, New York County.

Action by Alma L. Wells against Grant Squires and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

John J. Healey, Jr., for appellant Alma L. Wells.

Edward B. Hill, for appellants Grant Squires, George A. Wells, and Eliza N. Stone.

Vincent P. Donihee, for respondents.

SCOTT, J. This action calls in question the validity of the sixth article of the will of Henry M. Wells, deceased, and also the third article of the codicil to the will.

The sixth article of the will reads as follows:

"I give, devise and bequeath unto Grant Squires, in trust, all the rest, residue and remainder of my estate, to the following uses and purposes. (1) To pay over therefrom unto my wife Alma L. Wells the sum of Twenty one hundred dollars, annually, in monthly payments of one hundred and seventy-five dollars each, during the term of her natural life. (2) To pay over therefrom unto my cousin, Eliza L. Stone of Greenfield, Massachusetts, the sum of three hundred and sixty dollars annually, in monthly payments of thirty dollars each, during the term of her natural life. (3) To pay over therefrom unto my cousin Helen A. Wells of Saratoga Springs, New York, the sum of two hundred and forty dollars annually in monthly payments of twenty dollars each during the term of her natural life, it being expressly understood and agreed that the foregoing provision for my wife shall be the first charge upon both principal and income of my estate, and is in lieu of her dower, thirds and exemptions."

The third article of the codicil increases the sum to be paid to the wife annually, and makes provision for the payment of the admission fee for Eliza L. Stone in case she should be received into a home for the care of aged women, but otherwise does not alter the provisions of the will.

The plaintiff asserts that the article and codicil are invalid and void because they unlawfully suspend the absolute ownership of personal property, of which alone the estate consists. It is observable that the direction for the payment of the annuities is not limited to their payment out of the income. Indeed, the words "income" or "rents and profits" are not to be found in either article, except where the wife's annuity is made a first charge upon the principal and income. A gross sum is given to the trustee, and out of that sum, not alone out of its income, are the annuities to be paid. In other words, if necessary, the principal is to be used, and it appears that it will be necessary to use it. It is perfectly well settled that there can be no suspension of absolute ownership when there are persons in being who can convey an absolute title. The mere creation of a trust does not, ipso facto, suspend the power of alienation. Robert v. Corning, 89 N. Y. 225; Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57.

If, then, there are persons in being who can unitedly give a perfect title, there is no suspension of alienation. The plaintiff's contention is that the title cannot be transferred because the annuitants could not lawfully transfer their interests. This contention cannot be sustained. The prohibition against the assignment by a beneficiary of the right to enforce the performance of a trust of personal property is limited to cases where the trust is one to receive the income and apply it to the use of any person. The statute expressly provides that "the right and interest of the beneficiary of any other trust in personal property may be transferred." Personal Property Law, Laws 1897, p. 508, c. 417, § 3. The trust in the present case is distinctly not a trust to receive the income and apply it to any person, and cannot be construed as such by any known rule of construction. Consequently the interests of the beneficiaries are alienable, and do not suspend the absolute ownership of the fund. Kane v. Gott, 7 Paige, 521; Id., 24 Wend. 641, 35 Am. Dec. 641. The annuitants, acting in conjunction with the trustee, could

convey the estate to the remainderman, or they, with the remainderman, could convey to a third person. And, if the annuitants and the remainderman united in an assignment, the trustee would be obliged to convey to the assignee. Coster v. Lorillard, 14 Wend. 265. No other objection to the validity of.the will and codicil have been suggested, and none present themselves to us.

It follows that the judgment appealed from must be reversed without costs, and judgment entered in favor of defendants declaring that the provisions of article "sixth" of said will as modified by article "third" of the codicil thereto are valid, and effectual dispositions by the testator of his residuary estate. All concur.

(117 App. Div. 387)

CONNOLLY v. HALL & GRANT CONST. CO.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.

Plaintiff, a workman on a building, was directed to saw away a portion of a bridge over a sidewalk, and was injured by the fall of the remaining portion caused by a failure to support the same before the other portion had been cut away. *Held*, that whether the person in charge of. the work was negligent in directing the timbers to be cut through without supporting the remaining portion of the bridge was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1051–1067.]

2. SAME—FELLOW SERVANTS.

A superintendent received an order from the general manager to cut down a portion of a bridge over a sidewalk; the details of the work being left to .the superintendent. There was plenty of material furnished to properly support the remaining portion of the bridge, but without supporting it the superintendent directed plaintiff to cut off the portion to be razed. During the work another directed the superintendent's attention to the fact that the remaining structure should be supported, and was directed to do so, but before the supports could be put in plaintiff sawed through the timbers and the structure fell, causing plaintiff's injuries. *Held*, that the furnishing of such supports was a mere detail of the work, in doing which plaintiff, the superintendent, and foreman were fellow servants, and that defendant was therefore not liable for their negligence.

McLaughlin and Houghton, JJ., dissenting.

Appeal from Trial Term.

