In the Matter of the Probate of the Will of WILLIAM E. TRUMBLE, Deceased.

GEORGE D. READ et al., Appellants; TRUST AND DEPOSIT COMPANY OF ONONDAGA, as Executor, Respondent.

Will — construction of provision bequeathing sum of money and income thereof to certain beneficiaries with remainder, if any, to heirs of such beneficiaries — when legacies are simple, general legacies, with time of payment postponed — when provision that certain heirs shall not inherit ineffectual to deprive heir of distributive share of property not disposed of by will.

A testator, by the fourth paragraph of his will, bequeathed the residue of his estate equally to such of his five sisters (naming them) as should be living at the time of his death. He further directed the residuary estate to be converted into money, and that a certain specified sum be paid each of such beneficiaries monthly " until such moneys and interest are fully paid out to them." In case of the death of any of such surviving sisters "before said fund is fully paid out," the executor is directed to pay the said sum to the heir or heirs of such sister, with the exception of a sister specifically named, until the fund is paid out, declaring his intent to be that said heirs shall be substituted in place of such deceased sister, and bequeaths such sums to such heirs. By the fifth paragraph he provides that no relative not named in the will, other than the heirs of one of the beneficiaries named therein, shall receive any part of his estate.

Held, that the gifts to the sisters, severally, are of specific amounts, payable monthly and continuing in each case until the death of the sisters respectively. Such gifts are unqualified and constitute simple, general legacies, with the time of payment postponed, and such gifts to the sisters are vested interests, transferable by them, as is any gift in the nature of a general legacy, and the fact that the executors as such, or as trustees, may have to hold such residue and deal with the income thereof in order to carry out the provisions of the will, does not create an illegal suspension of the power of alienation so far as the sisters are concerned.

The gifts to the sisters severally are absolute and payable out of principal and any added income received while the principal is held by the executor or trustee, and such bequests do not violate any statute.

It is a settled principle of law that the legal rights of the heir or distributee to the property of deceased persons cannot be defeated except by a valid devise of such property to other persons. It is not sufficient to deprive an heir at law or distributee of what comes to him by opera-

tion of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or distributee should not inherit any part of his estate.

In a distribution of any part of the residue of the testator's estate among his next of kin, it should not be restricted to the beneficiaries named in the will.

The sisters named in the fourth paragraph each take as legal vested legacies the sum bequeathed to them, payable each and every month during the lifetime of such sisters severally, and subject to such legacies the residue of the testator's estate mentioned in the fourth paragraph passes to his next of kin, as provided by the Decedent Estate Law.

*Matter of Trumble*, 137 App. Div. 483, modified.

(Argued September 28, 1910; decided November 15, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 29, 1910, which modified and affirmed as modified a decree of the Oswego County Surrogate's Court adjudging invalid certain portions of the will of William E. Trumble, deceased.

William E. Trumble died April 8, 1909, leaving a will, a copy of which other than the formal parts is as follows:

"*First.* I direct that all my just debts and funeral expenses be paid.

"*Second.* I direct my executor hereinafter named to cause to be erected over my grave a headstone that shall cost not to exceed fifty dollars.

"*Third.* I give and bequeath to my sister, Emma A. Tyler, the use of the farm of forty-five and three-quarters (45¾) acres more or less situated in the Eighth ward of the City of Oswego, N. Y., which farm was purchased by me from the estate of A. P. Grant, and the use of the farm of fifteen acres, more or less, situated in the Eighth ward of the City of Oswego, N. Y., which farm was purchased by me from Amanda Perkins, for and during the term of her natural life, and at her death, the said two farms described above shall go to the children of said Emma A. Tyler, share and share alike, and if said farms described above have been sold by me

before my death, then in that event, I give and bequeath to my sister Emma A. Tyler, an equal share of my estate with such of my said sisters mentioned in the fourth paragraph of this will as are living at the time of my death.

"*Fourth.* I give and bequeath all the rest, residue and remainder of my estate, if any, to be paid out as set forth in this paragraph of this my last will and testament, equally to such of my sisters, Amanda F. Parkhurst, Waty A. Hodgney, Rebecca J. Dalrymple, Fanny M. Tyler and Mary B. Draper as are living at the time of my death.

" I hereby direct my executor hereinafter named to convert my estate, which has not been disposed of by this will, into money and deposit the same in banks or trust companies paying interest on deposits, and to pay therefrom monthly to such of said sisters named in this paragraph of this will as are living at the time of my death the sum of forty dollars to each until such moneys and interest are fully paid out to them.

" In case one or more of my sisters named in this paragraph of my will shall survive me, but shall die before said fund is fully paid out, then in that case from that time on, I direct my executor hereinafter named to pay to the heir or heirs of such sister except the heir or heirs of my sister Amanda F. Parkhurst, the monthly sum of forty dollars until said fund is fully paid out; it being my intention and direction that the said heir or heirs except the heir or heirs of Amanda F. Parkhurst, shall be substituted in the place of said sister and receive the said sister's payment of forty dollars per month, and said forty dollars per month shall be divided among the heir or heirs of such sister in the proportion prescribed by law for the division of personal property among heirs of a deceased person. And in that event to that end, I hereby give and bequeath to such heir or heirs the sum or sums which he or they shall be entitled to receive under this fourth paragraph of my last will and testment except the heir or heirs of Amanda F. Parkhurst as stated above.

" *Fifth.* I expressly declare that it is my intention in this my last will and testament, that any relative or relatives of mine

not named in this last will and testament shall under no circumstance have any part of my estate unless that it may be that a relative or relatives may receive a part of my estate as provided in the fourth paragraph of this will as heir or heirs of one of the beneficiaries named in said paragraph.

"*Sixth.* I hereby give my executor hereinafter named full power to sell and dispose of the real estate of which I may die possessed, and no* hereinbefore disposed of, in any manner that it may deem best for the interest of my estate and it is hereby authorized to convey said real estate to the purchaser or purchasers thereof as fully and freely as I could if living and acting.

"*Seventh.* I make, constitute and appoint the Trust and Deposit Company of Ononadaga, a corporation doing business in the City of Syracuse, N. Y., to be sole executor of this my last will and testament hereby revoking all former wills by me made."

He left him surviving six sisters, Emma A. Tyler, named in the third paragraph of said will and Amanda F. Parkhurst, Rebecca J. Dalrymple, Waty A. Hodgney, Mary B. Draper and Fanny M. Tyler named in the fourth paragraph of said will. He also left him surviving five nephews and nieces the children of a deceased sister and one other niece the child of another deceased sister. The sisters and nephews and nieces named were and are the only heirs at law and next of kin of the testator. Other facts are stated in the opinion.

*Claude B. Alverson, E. C. Emerson* and *George S. McCartin* for George D. Read et al., appellants and respondents. The 4th clause creates a single indivisible trust to continue during the lives of the six sisters named therein and is void. (1 Jarman on Wills, 672; *Leach* v. *Godwin,* 198 N. Y. 35; *Herzog* v. *T. G. & T. Co.,* 177 N. Y. 86; *Knox* v. *Jones,* 47 N. Y. 390; *Colton* v. *Fox,* 67 N. Y. 348; *Haynes* v. *Sherman,* 117 N. Y. 433; *C. T. Co.* v. *Egleston,* 185 N. Y. 23.) The 5th paragraph is not sufficient to disinherit the heirs and next of kin not mentioned in the will.

(*Gallagher* v. *Crooks*, 132 N. Y. 338; *Pomroy* v. *Hinks*, 180 N. Y. 73; *Haxton* v. *Corse*, 2 Barb. Ch. 521; *Chamberlain* v. *Taylor*, 105 N. Y. 185; Thomas on Estates by Will, 614.) An absolute estate was not given by the 4th paragraph of the will, but a trust was created. (*Bundy* v. *Bundy*, 38 N. Y. 410; *Hatfield* v. *Sneden*, 54 N. Y. 208; *Vernon* v. *Vernon*, 53 N. Y. 351; *Moore* v. *Ward*, 105 N. Y. 68; *Underwood* v. *Curtis*, 127 N. Y. 523; *Close* v. *F. L. & T. Co.*, 121 App. Div. 528; *Mee* v. *Gordon*, 187 N. Y. 400.) While in the first part of the clause the testator says he gives and bequeaths all the rest, residue and remainder of his estate to his sisters named, this provision must be construed in connection with the balance of the bequest and as so construed it is apparent that the testator did not intend to interfere with the title conferred upon the trustee and that the testator intended simply to give and bequeath to his sisters such sums as might be paid over to them by the trustee from time to time upon such payments being made, such payments being made from a single and indivisible trust as an entirety. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Taggart* v. *Murray*, 53 N. Y. 233; *Terry* v. *Wiggins*, 47 N. Y. 517; *Christie* v. *Phyle*, 19 N. Y. 348.)

*B. C. Turner* for Waty A. Hodgney et al., appellants. The testator intended to create a bulk trust of his entire residuary estate. (*Knox* v. *Jones*, 47 N. Y. 389; *Colton* v. *Fox*, 67 N. Y. 348; *C. T. Co.* v. *Egleston*, 185 N. Y. 23.) The 4th paragraph of the will is illegal and void as being contrary to law. (*Herzog* v. *T. G. & T. Co.*, 177 N. Y. 86.) Direct and express terms of devise or bequest are not necessary to pass property to a legatee. Where, from the language of a will, although the language is not express or direct, the intention deduced, or reasonably deducible, is, that certain persons shall receive, they will take by implication. (*Whitney* v. *Whitney*, 63 Hun, 78; *Matter of Vowers*, 113 N. Y. 571; *Matter of Moore*, 152 N. Y. 609; *Close* v. *F. L. & T. Co.*, 195 N. Y. 100.) If two constructions can be placed

upon a will or any part thereof without violating the intention, one legal and operative, the other illegal and inoperative, the legal construction should be adopted and upheld and the will construed accordingly. (*Post* v. *Hover*, 33 N. Y. 593; *Du Bois* v. *Ray*, 35 N. Y. 175; *Roe* v. *Vingut*, 117 N. Y. 204; *Crozier* v. *Bray*, 120 N. Y. 366; *Mee* v. *Gordon*, 187 N. Y. 400.) The six sisters of the testator take the subjective property of paragraph 4 of the will share and share alike. (*Mee* v. *Gordon*, 187 N.Y. 400; *Close* v. *F. L. & T. Co.*, 195 N. Y. 92.) No trust is created by paragraph 4 of the will. Legal interests are given the sisters of the testator by said paragraph. (*Leggett* v. *Stevens*, 185 N. Y. 70; *Matter of F. L. & T. Co.*, 189 N. Y. 202; *Matter of Conger*, 81 App. Div. 493; *Roe* v. *Vingut*, 117 N. Y. 204; *Mee* v. *Gordon*, 187 N. Y. 400; *Clark* v. *Camman*, 160 N. Y. 315; *Riker* v. *Cornwall*, 113 N. Y. 115; *Vernon* v. *Vernon*, 53 N.Y. 351; *Kalish* v. *Kalish*, 166 N.Y. 368; *Everitt* v. *Everitt*, 29 N. Y. 39.) The interests given the sisters by this paragraph are legal and susceptible of alienation. The testator has made five absolute gifts to the sisters by the 1st clause thereof. The language of this paragraph does not limit, lessen or defeat these gifts. (*Oxley* v. *Lane*, 35 N. Y. 340; *Clay* v. *Wood*, 153 N. Y. 134; *Johnston* v. *Hughes*, 187 N. Y. 446; *Matter of Williams*, 64 Hun, 163; *Matter of Conger*, 81 App. Div. 493; *Snedeker* v. *Congdon*, 41 App. Div. 433; *Dorland* v. *Dorland*, 2 Barb. 63; 2 Jarman on Wills, §§ 854, 855; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Benson* v. *Corbin*, 145 N.Y. 351.)

*Joseph T. McCaffrey* for Jennie V. Lally, appellant and respondent. The 4th paragraph creates a single trust for the lives of the sisters and their heirs and is, therefore, void as in contravention of the statute against perpetuities and also because it provides for an accumulation of income for an illegal purpose. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Haynes* v. *Sherman*, 117 N. Y. 433; *Knox* v. *Jones*, 47 N. Y. 390; *Colton* v. *Fox*, 67 N. Y. 348.) The 4th paragraph cannot be construed to create five trusts. (*Schuyler* v. *Mulford*, 59

N. Y. 426; *King* v. *Hoy*, 105 N. Y. 134; *Underwood* v. *Curtis*, 127 N. Y. 523; *Robb* v. *W. & J. College*, 103 App. Div. 377; *Hascall* v. *King*, 162 N. Y. 134.) The 5th paragraph does not affect the rights of the heirs at law or serve to disinherit any of them. (*Gallagher* v. *Crooks*, 132 N. Y. 338; *Pomeroy* v. *Hinks*, 180 N. Y. 75; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *McGuire* v. *McGuire*, 50 App. Div. 64; *Haxton* v. *Corse*, 2 Barb. Ch. 521.) The intention of testator was to create a trust. (*Herzog* v. *T. G. & T. Co.*, 177 N. Y. 86; *Goebel* v. *Wolf*, 113 N. Y. 405; *Tilden* v. *Green*, 130 N. Y. 29; *Leggett* v. *Stevens*, 185 N. Y. 70.) Under the language of the will the testator has created a trust. (*Putnam* v. *L. S. & D. Co.*, 191 N. Y. 182; *Ward* v. *Ward*, 105 N. Y. 68; *Mee* v. *Gordon*, 187 N. Y. 400; *Close* v. *F. L. & T. Co.*, 195 N. Y. 92; *McGuire* v. *McGuire*, 80 App. Div. 63; *Underwood* v. *Curtis*, 127 N. Y. 523; *Bundy* v. *Bundy*, 38 N. Y. 410.)

*James S. Thorn* for respondent. The gift of forty dollars a month without limit as to time creates a life estate. (*Provost* v. *Provost*, 70 N. Y. 141; *Van Brunt* v. *Van Brunt*, 111 N. Y. 178; *C. T. Co.* v. *Egleston*, 185 N. Y. 23; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Haynes* v. *Sherman*, 117 N. Y. 433.) The clause of this will disinheriting certain nephews and nieces is entirely valid. (*C. T. Co.* v. *Egleston*, 185 N. Y. 23.) The 4th clause of the will, so far as the sisters are concerned, is valid. (*Everitt* v. *Everitt*, 29 N. Y. 39; *Matter of Wilcox*, 194 N. Y. 288.) The time of payment is suspended, not the ownership or power to alien. The ownership and power is in the sisters, not in the executor. It is a mere custodian to manage and disburse, and either of the sisters could alien or transfer her legal interest. (*Wells* v. *Squires*, 117 App. Div. 502; 191 N. Y. 529.) There may be a valid power in trust to retain possession of, manage and pay income of a fund over to its owner. The performance of such duties does not necessitate a trust. The legal title is in the beneficiaries, and they might at any time convey an absolute title.

Consequently such a power may be created for a term not measured by lives in being, or to begin after the full statutory period has expired. (Chaplin on Susp. of Power of Alien. § 288; *Everitt* v. *Everitt*, 29 N. Y. 39; *Post* v. *Hover*, 33 N. Y. 593; *Radley* v. *Kuhn*, 93 N. Y. 261; *Vanderpool* v. *Loew*, 112 N. Y. 167; *Steinway* v. *Steinway*, 163 N. Y. 183; *Matter of Griffin*, 167 N. Y. 71; *Robert* v. *Corning*, 89 N. Y. 225; *Warner* v. *Durant*, 76 N. Y. 133; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Durand*, 194 N. Y. 477.)

CHASE, J. A proceeding was commenced in the Surrogate's Court to prove the will of William E. Trumble, deceased, upon the petition of the executor named therein. All of his next of kin and heirs at law were made parties to the proceeding and appeared therein, and each put in issue the validity of paragraph four of said will, as provided by section 2624 of the Code of Civil Procedure.

The surrogate directed that the will be admitted to probate, but found that the fourth paragraph of the will is void and that the residue of the testator's property therein mentioned passes and descends to the heirs at law and next of kin of said testator in the manner provided by the statutes of this state in case of intestacy. He also found that the fifth paragraph of the will in no way affects the statutory rights of any of the heirs at law and next of kin of the testator in the property passing or descending to them by reason of the invalidity of the fourth clause of said will. A decree was entered accordingly.

The executor appealed to the Appellate Division of the Supreme Court from such part of said decree as adjudges the fourth and fifth clauses unlawful, and the sisters of the testator appealed from such parts of said decree as direct that the residue of the testator's property passes and descends to his heirs at law and next of kin, and that direct that the fifth paragraph of the will in no way affects the statutory rights of the heirs at law and next of kin in said residue.

The Appellate Division modified and, as modified, affirmed

said decree. The decree as modified and affirmed provides as follows :

" It is ordered, adjudged and decreed : That the first, second and third paragraphs and provisions of said will are valid and that the devises and directions therein contained are sufficient and proper and dispose of the estate of the testator as therein set forth.

" It is further ordered, adjudged and decreed, that the provisions for the sisters contained in the fourth clause of the will are valid ; that an independent trust is created thereby as therein provided for the benefit of each sister ; that the provision therein contained for the heir or heirs of any sister therein named is illegal and void and that the property embraced therein remaining after the death of any such sister is not disposed of by said will and passes and should be distributed to the persons entitled thereto as provided by law in cases of intestacy.

" It is further ordered, adjudged and decreed, that the fifth clause and provision of said last will and testament in no way affects the statutory rights of any of the heirs at law and next of kin of said testator in and to the property not effectually disposed of by said will, and that what remains of the trust funds after the death of the sister beneficiaries should be distributed as unbequeathed assets.

" It is further ordered, adjudged and decreed, that the sixth and seventh clauses of said last will and testament are valid."

The executor has not appealed from the order of the Appellate Division, but the sisters of the testator have appealed therefrom to this court, so far as it adjudges that the fourth paragraph of the will provides independent trusts for each sister, and also so far as it adjudges that the fifth paragraph has no effect on the statutory rights of the heirs at law and next of kin in the residue of the testator's property. And the nephews and nieces have also appealed from the order of the Appellate Division, so far as it modifies the decree of the Surrogate's Court.

There are but two questions open for discussion in this court, viz.:

1. What interest did the sisters of the testator named in the fourth paragraph of the will take as legatees or otherwise in the residue of his estate by virtue of the provisions of such paragraph?

2. If the residue of the testator's estate or any part or interest in it is not legally devised and bequeathed by the fourth paragraph of his will, and the same passes or descends to his heirs at law or next of kin, is the distribution thereof among such heirs at law and next of kin restricted to the beneficiaries named in said will by reason of the provisions of the fifth paragraph thereof?

*First.* It has been conceded by all of the parties to this proceeding that a trust is created in the residue of the testator's estate mentioned in the fourth paragraph of his will. It has been so assumed and treated by the learned surrogate and by the Appellate Division. It seems also to have been conceded that the sisters named in the fourth paragraph of the will take equitable non-transferable estates only as beneficiaries under the trust. The contention between the parties has been as to whether the assumed trust is single or divided into as many parts as the testator had sisters living at the time of his death and named in the said paragraph, and also as to the legality of the trust or trusts.

It has been adjudged and decreed that the provisions contained in the will for the heir or heirs of any sister therein named are illegal and void, and no appeal has been taken from such part of the decree. All of the parties to the proceeding and their respective counsel have apparently overlooked the fact that the gifts to the sisters create in them severally a legal estate transferable by them at will.

The gifts to them severally are of specific amounts, payable monthly and continuing in each case until the death of the sisters respectively. Such gifts are unqualified and constitute simple, general legacies, with the time of payment postponed, and such gifts to the sisters are vested interests, transferable

by them, as is any gift in the nature of a general legacy.
(*Durfee* v. *Pomeroy*, 154 N. Y. 583; *Snedeker* v. *Congdon*,
41 App. Div. 433; *Wells* v. *Squires*, 117 App. Div. 502; 191
N. Y. 529.)

The fact that the executors as such, or as trustees, may have
to hold such residue and deal with the income thereof in order
to carry out the provisions of the will, does not create an ille-
gal suspension of the power of alienation so far as the sisters
are concerned. (*Gillman* v. *Reddington*, 24 N. Y. 9, 18;
*Durfee* v. *Pomeroy, supra.*)

It is quite immaterial so far as it affects the interests of the
sisters whether a trust is created in the executor or not. It
is provided by section 15 of the Personal Property Law (Cons.
Laws, ch. 41) as follows: "The right of the beneficiary to
enforce the performance of a trust to receive the income of
personal property, and to apply it to the use of any person,
cannot be transferred by assignment or otherwise. But the
right and interest of the beneficiary of any other trust in per-
sonal property may be transferred." The sisters are not bene-
ficiaries of a trust to receive the income of personal property
and apply it to their benefit.

It is immaterial, therefore, whether the executor holds the
residue of the testator's estate under an executory power, power
in trust, or as a trustee.

The gifts to them severally are absolute and payable out of
principal and any added income received while the principal
is held by the executor or trustee and they do not violate any
statute. The case of *Wells* v. *Squires* (*supra*) is controlling
authority to sustain the gifts to the sisters under the fourth
paragraph of the will as legal vested estates in them severally.

In that case the residue of a testator's estate was given to a
person named in trust to pay over to his wife during her life
$2,100 annually in monthly payments of $175 each; to a
cousin during her life $360 annually in monthly payments of
$30. each; and to another cousin during her life $240 annu-
ally in monthly payments of $20 each. The court say:
"The plaintiff asserts that the article and codicil are invalid

and void because they unlawfully suspend the absolute owner-
ship of personal property, of which alone the estate consists.
It is observable that the direction for the payment of the
annuities is not limited to their payment out of the income.
Indeed, the words 'income' or 'rents and profits' are not to
be found in either article except where the wife's annuity is
made a first charge upon the principal and income.  A gross
sum is given to the trustee, and out of that sum, not alone
out of its income, are the annuities to be paid.  In other
words, if necessary, the principal is to be used, and it appears
that it will be necessary to use it."   (p. 503.)

The court further say:  "The prohibition against the
assignment by a beneficiary of the right to enforce the per-
formance of a trust of personal property is limited to cases
where the trust is one to receive the income and apply it to
the use of any person.  The statute expressly provides that
'the right and interest of the beneficiary of any other trust
in personal property may be transferred.'  *  *  *  The
trust in the present case is distinctly not a trust to receive
the income and apply it to the use of any person, and cannot
be construed as such by any known rule of construction.
Consequently the interests of the beneficiaries are alienable
and do not suspend the absolute ownership of the fund.
*  *  *  The annuitants, acting in conjunction with the
trustee, could convey the estate to the remainderman, or they,
with the remainderman, could convey to a third person.  And
if the annuitants and the remainderman united in an assign-
ment, the trustee would be obliged to convey to the assignee."
(p. 504.)

An appeal was taken from the judgment of the Appellate
Division in that case to this court, where the judgment was
affirmed on the opinion below.  (*Wells* v. *Squires*, 191
N. Y. 529.)

*Second.* "It is a settled principle of law that the legal
rights of the heir or distributee to the property of deceased
persons, cannot be defeated except by a valid devise of such
property to other persons.  *  *  *  It was not sufficient to

30

deprive an heir at law or distributee of what comes to him by operation of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or distributee should not inherit any part of his estate." (*Pomroy* v. *Hincks,* 180 N. Y. 73, 75; *Gallagher* v. *Crooks,* 132 N. Y. 338.) In a distribution of any part of the residue of the testator's estate among his next of kin it should not be restricted to the beneficiaries named in the will.

The judgment of the Appellate Division should be modified by providing that the sisters named in the fourth paragraph of the will each take as legal vested legacies the sum of forty dollars, payable each and every month during the lifetime of such sisters severally, and that subject to such legacies the residue of. the testator's estate mentioned in the fourth paragraph of his will passes to the next of kin of the testator, as provided by the Decedent Estate Law (Cons. Laws, ch. 13) and as so modified it should be affirmed, without costs in this court.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur; HISCOCK, J., not sitting.

Judgment accordingly.