In the Matter of the Application of FLORENCE L. HUTSON to Compel JAMES R. DUNCAN and Others, as Trustees for GEORGE W. FOWLER, under the Last Will and Testament of GEORGE FOWLER, Deceased, to Pay over Certain Moneys of Such Trust Direct to Her.

FLORENCE L. HUTSON, Petitioner, Appellant, Respondent; JAMES R. DUNCAN and Others, as Trustees for GEORGE W. FOWLER, etc., and GEORGE W. FOWLER, Respondents, Appellants.

Third Department, January 14, 1942.

*William Bradford Roulstone* [*William B. Roulstone* and *Adam Frank* of counsel], for Florence L. Hutson.

*Deyo, Turner & Normile* [*Charles W. Turner* and *John M. Keane* of counsel], for the trustees, respondents, appellants.

*Chadbourne, Hunt, Jaeckel & Brown* [*Clinton DeWitt Van Siclen* and *William E. Jordan* of counsel], for George W. Fowler, respondent, appellant.

BLISS, J.  We are again called upon to interpret the will of George Fowler, late of the county of Broome, deceased, and especially the nineteenth paragraph thereof.  In a previous proceeding this court held that under the nineteenth paragraph of this will the payments directed to be made to Eda Fowler, the widow of decedent, and George W. Fowler, his son, were annuities and bequests of part of the principal of the estate and not mere distributions of income to the beneficiaries of a trust fund.  (*People ex rel. Duncan* v. *Graves,* 257 App. Div. 552; modfd. in another particular and affd. without opinion, 282 N. Y. 746.)  Our decision was in accord with a construction of the same provisions of the same will by the Federal courts.  (*Duncan* v. *Commissioner of Internal Revenue,* 34 B. T. A. 999; affd., 91 F. [2d] 1012; certiorari denied, 302 U. S. 752.)

*People ex rel. Duncan* v. *Graves* (*supra*) and *Duncan* v. *Commissioner of Internal Revenue* (*supra*) were reviews of determinations of the tax authorities of the State and Nation.  The present proceeding was brought in the Surrogate's Court of the County of Broome to compel the trustees under this will to make payments to appellant Florence L. Hutson, in accordance with an assignment by George W. Fowler of a portion of his annuity.  That the same

underlying question comes to us in a different proceeding is of no consequence. The construction to be placed upon these portions of the will must still be the same. Surely these provisions of the will could not mean one thing in one instance and an entirely different thing now. We, therefore, follow our previous decision, now made conclusive by the affirmance of our court of last resort and buttressed by the decisions of the Federal courts, that the bequests to the widow and son under the nineteenth paragraph of the will are annuities payable at all events and constituting charges against the entire trust estate (with the possible exception of certain real property), that these payments are not dependent upon the amount of income received by the trustees and that payments of these annuities are not distributions of income but are in discharge of legacies.

A brief statement of the facts which have given rise to the present controversy may be in order. The testator, George Fowler, died at Binghamton, N. Y., on November 4, 1924, leaving a will dated February 19, 1924. He left a widow, Eda Fowler, and a son, George W. Fowler, as his only heir at law and next of kin. He gave only a small part of his large estate outright to his widow and his son. However, in the nineteenth paragraph of the will he made provision for annual payments of $12,000 to each of them for life as follows:

" *Nineteenth.* All the rest, residue and remainder of my property and estate, of whatever nature and wherever situate, including any bequest or devise hereinbefore contained that may, for any reason, lapse or be, or become or be held to be null and void, I hereby give, devise and bequeath unto my executors and trustees hereinafter named and to their successor and successors, survivor and survivors, in trust, however, for the following uses and purposes, to wit: To invest and reinvest the same in good, safe, interest bearing securities, such as are approved by the Laws of the State of New York, for the investment of trust funds, and to collect the rents, issues, incomes and profits therefrom and, after deducting all necessary costs, charges and disbursements, to pay over therefrom to my wife, Eda Fowler, and to my son, George W. Fowler, during the term of their joint lives, each the sum of Twelve Thousand Dollars ($12,000), per annum, from and after the date of my decease, semiannually, or at such more frequent intervals as my said executors and trustees may deem expedient; and upon the death of either, then to pay over to the survivor the sum of Twelve Thousand Dollars ($12,000) during the remaining term of her or his natural life; and in case such rents, issues, income and profits should be insufficient to pay the same, then to pay out of the

principal of the funds in their hands such an amount as will make up the deficiency each year, provided, however, that any such payment made out of the principal shall be replaced out of any income subsequently received by my trustees in excess of the amount requisite to make the annual payments above provided for.

" Should the rents, issues, income and profits of my residuary estate be more than sufficient to pay to my wife and to my son, the amounts above provided for, then and in that case I will and direct that my said executors and trustees shall pay over such excess rents, issues, income and profits during the joint lives of my wife and son, and during the lifetime of the survivor of them, to WILLIAM COUPERTHWAIT and GEORGE F. COUPERTHWAIT, of Binghamton, New York, and to the survivor of them, in case of the death of either, to whom, in such case, I give, devise and bequeath the same."

The net estate turned over to the trustees in the nineteenth paragraph was $919,266.92, of which $424,898 was real estate. The net income of the trust has been in excess of $24,000 per year and it has not been necessary for the trustees to resort to the principal in order to make payment of the annuities.

The petitioner in the Surrogate's Court and appellant here was the wife of George W. Fowler. On July 1, 1933, they entered into a separation agreement in which he agreed to pay her $4,500 per annum and as security for such payment executed and delivered to her an assignment of $4,500 per annum from his annuity and directed that the same might be recorded in the office of the surrogate pursuant to section 32 of the Personal Property Law and section 274 of the Real Property Law of this State. Shortly thereafter they were divorced and appellant remarried. The trustees recognized the assignment as a direction from him to pay her the specified amount so long as it was unrevoked and they accordingly made the payments from 1933 to 1940. Then they received a letter from him purporting to cancel the assignment and forbidding them to make any further payments on account thereof. Appellant then instituted this proceeding asking that the trustees be directed to make such payments.

We need not discuss the moral dishonesty involved in George W. Fowler's attempt to evade his admitted obligation. (See *Matter of Sand* v. *Beach*, 270 N. Y. 281; *Brearly School* v. *Ward*, 201 id. 358.) Legal support is claimed by this respondent in section 15 of the Personal Property Law and subdivision 1 of section 103 of the Real Property Law. So far as here applicable they read:

" § 15. Personal property not alienable in certain cases.

" 1. The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise."

" § 103. What trust interest may be alienated.

" 1. The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise."

These restrictions on the alienation by a beneficiary of income under a trust fund do not apply to gifts of specific amounts payable out of both income and principal. (*Matter of Trumble*, 199 N. Y. 454; *Wells* v. *Squires*, 117 App. Div. 502; affd. on opinion below, 191 N. Y. 529.) " The prohibition against the assignment by a beneficiary of the right to enforce the performance of a trust of personal property is limited to cases where the trust is one to receive the income and apply it to the use of any person." (*Wells* v. *Squires, supra.*) Much reliance is placed by the respondents upon *Matter of Wentworth* (230 N. Y. 176). In that case the trustee was directed to make payments out of income as the needs of the beneficiary might require, together with such portions of the principal as the trustee might think best. The court held that this discretionary right on the part of the trustee to invade the principal did not remove the will from the restrictions of the statutes against alienability. However, the language of Chief Judge Hiscock is pregnant with the thought that if the right to make such payments from principal had been obligatory instead of discretionary, a contrary result would have obtained. He said: " The cases which have been referred to as tending to uphold the suggested view are as a matter of fact clearly and decisively distinguishable from the present one. In each of them the trust under consideration provided for fixed obligatory payments to the beneficiary which drew upon principal as well as income and was in no fair sense a trust within the provisions of the statute which we have quoted. (*Matter of Trumble*, 199 N. Y. 454; *Wells* v. *Squires*, 117 App. Div. 502; affd. on opinion below, 191 N. Y. 529.) " (*Matter of Wentworth, supra*, 185.)

The annuity for George W. Fowler created by the nineteenth paragraph of this will does not come within the quoted portions of subdivision 1 of section 103 of the Real Property Law, and section 15 of the Personal Property Law. His is not a right to enforce a trust to receive the income of personal property or the rents and profits of real property and apply them to his use but rather a right to enforce the payment to him of a definite fixed

sum each year. It is true that it must first be paid out of income and rents and profits if they are sufficient. But if they are insufficient then it *must* be paid out of principal. It is because of this latter provision that these statutory restrictions on alienation do not apply here. To hold that they do apply would restrain the annuitant from transferring a part of the principal and this would be clearly without the contemplation of the statutes. The statutes relate only to trusts to apply income and rents and profits and not to trusts to apply both income and principal or principal alone. They are contrary to the common-law rule and, therefore, should be strictly construed. And we should not indulge in over-liberality of construction to enable a beneficiary to avoid paying his honest debts or to extend beyond their clear boundaries statutory restraints on freedom of action with respect to property. The tendency is quite the opposite. (*Matter of Sand* v. *Beach*, 270 N. Y. 281.) We, therefore, hold that the statutory restraints on alienation relied upon by the respondent George W. Fowler do not apply to his annuity.

The decree of the Surrogate's Court should be reversed upon the law and the matter remitted for the purpose of entering a decree as prayed for in the petition, with costs to the appellant in this court and the court below payable out of the annuity of George W. Fowler.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to affirm the decree on the authority of section 15 of the Personal Property Law; section 103 of the Real Property Law; *Matter of Wentworth* (230 N. Y. 176); *Cochrane* v. *Schell* (140 id. 516); *Herzog* v. *Title Guarantee & Trust Co.* (177 id. 86).

Decree of the Surrogate's Court reversed upon the law and matter remitted for the purpose of entering a decree as prayed for in the petition, with costs to the appellant in this court and the court below payable out of the annuity of George W. Fowler.