In the Matter of the Accounting of FIRST TRUST AND DEPOSIT COMPANY, as Executor of GEORGIA E. CHAMBERLIN, Deceased, Respondent.

HAROLD O. CHAMBERLIN, Appellant; G. EVERETT DEMORE, Special Guardian for RICHARD C. CORLESS et al., Infants, Respondents.

Argued October 22, 1942; decided January 14, 1943.

*Matteo Milazzo* for appellant. The fifth article of the will creates a spendthrift trust and not an annuity. (3 Heaton on Surrogate's Court, § 314; 3 Bradford Butler, New York Surrogate Law Practice, § 2009; *Matter of Ableser*, 32 N. Y. S. (2d) 343; 2 David's New York Law of Wills, § 852; *Matter of Gobel*, 141 Misc. 503; *Matter of Wentworth*, 230 N. Y. 176; *Matter of Clark*, 280 N. Y. 155; *Rezzemini* v. *Brooks*, 236 N. Y. 184; *Matter of Martin*, 269 N. Y. 305.) Neither the executor nor the trustee has the right

to retain appellant's benefits. (*Matter of Bogert*, 41 Misc. 598; *Cochrane* v. *Schell*, 140 N. Y. 516; *Matter of Ungrich*, 201 N. Y. 415; *Matter of Flint*, 118 Misc. 354; *Matter of Temple*, 36 Misc. 620.) The intent of the testatrix is paramount. (7 Heaton on Surrogate's Courts, § 389; *Matter of Rooker*, 248 N. Y. 361.) The will discharged the notes. (2 David's New York Law of Wills, § 798; *Matter of Fowles*, 222 N. Y. 222; *Webster* v. *Gray*, 54 Hun, 113; *Eden* v. *Smyth*, 5 Ves. 354; *Zeigler* v. *Eckert*, 6 Penn. St. 13.)

*David A. Fraser* for respondent. The letter by the testatrix to her attorneys, requesting them to destroy the promissory notes evidencing her son's indebtedness, was without legal effect. (*Morris* v. *Sickly*, 133 N. Y. 456; *Matter of Cameron*, 278 N. Y. 352; *Matter of Hoffman*, 201 N. Y. 247; *McLean* v. *Freeman*, 70 N. Y. 81; *Matter of McCafferty*, 142 Misc. 371; *Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Green*, 247 App. Div. 540; *Matter of Fitzpatrick*, 17 N. Y. S. (2d) 280; *McCarthy* v. *Pieret*, 281 N. Y. 407.) An annuity, rather than a spendthrift trust, is provided under the will; and in either case the respondent executor and trustee, should apply the payments against the appellant's debt. (*Wells* v. *Squires*, 117 App. Div. 502; 191 N. Y. 529; *Matter of Trumble*, 199 N. Y. 454; *Matter of Bowman*, 159 Misc. 588; *Matter of Fowler*, 263 App. Div. 255; 288 N. Y. 697; *Smith* v. *Kearney*, 2 Barb. Ch. 533; *Leggett* v. *Leggett*, 24 Hun, 333; *Matter of Foster*, 38 Misc. 347; *Matter of Cramer*, 166 Misc. 713; *Matter of Sawin*, 173 Misc. 428; *Voorhees* v. *Voorhees*, 18 N. J. Eq. 223; *Chafee* v. *Maker*, 17 R. I. 739; *Brown* v. *Sperry*, 182 Miss. 488.)

*G. Everett DeMore*, special guardian for Richard C. Corless et al., infants, respondents. The intention of the testatrix must be ascertained from the will itself. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Tamargo*, 220 N. Y. 225.) Written or oral declarations of the testatrix are inadmissible to vary, contradict, or explain the intention expressed in her will. (*Williams* v. *Freeman*, 83 N. Y. 561; *Teetsell* v. *Ross*, 201 App. Div. 826; 234 N. Y. 633; *Matter of Hughes*, 225 App. Div. 29; 251 N. Y. 529; *Matter of Stulman*, 146 Misc. 861.)

LEHMAN, Ch. J. The testatrix left her surviving a daughter and a son. She provided in the Fifth paragraph of her will that her

residuary estate should be divided into two parts " one of which parts shall exceed the other by the sum of Five Thousand ($5000.00) Dollars." The larger of such parts the testatrix bequeathed to her daughter. The smaller of such parts the testatrix bequeathed to the executor and trustee named in her will in trust " To receive, hold, manage, invest and reinvest the same, and to collect, recover, and receive the interest, income, and profits therefrom, and after deducting taxes, commissions, and all lawful charges, to pay over the net income in monthly installments to my son, HAROLD O. CHAMBERLIN, for and during his natural life. Upon the exhaustion of the principal of the trust created under the residuary clause of my late husband's will for the use of the said HAROLD O. CHAMBERLIN, I direct that my Trustee thereafter pay over in monthly installments to my son, HAROLD O. CHAMBERLIN, such amount of the principal of this trust as together with the income from the trust will equal the sum of Eighty ($80.00) Dollars per month. I authorize and empower my Trustee in its sole discretion to pay over to my said son from time to time such portions of the principal as may be necessary and proper, having regard for any and all other sources of income of my said son, to pay expenses due to emergencies such as illness, operations, hospital, nursing, doctor bills, and the like on the part of my said son." The testatrix bequeathed the principal of the trust fund remaining at the death of the life beneficiary to his son, if living.

After the will was executed the testatrix made two loans to her son for sums aggregating six thousand dollars, and at her death held his promissory notes for that amount. First Trust & Deposit Company of Syracuse, named in the will as executor and trustee, has included in its petition for the settlement of its intermediate account, and in its account, the said notes as assets of the estate and has asked that it be authorized and directed " to retain the income and principal payments otherwise due to the said Harold O. Chamberlin, beneficiary, under Article Fifth of the Will, until such time as the total of such retained income and principal payments, with interest earned thereon, equals the indebtedness of the beneficiary with interest as specified in the two notes aforesaid."

At the hearing of objections filed by Harold O. Chamberlin, the objectant showed by evidence which was not contradicted that the

testatrix in the presence of her son, the objectant, stated to others that " she didn't want Harold to pay the notes;" and that she signed and placed in her safe a memorandum addressed to Fraser Brothers, her attorneys who now appear as attorneys for the executor, stating: " Kindly destroy notes signed by Harold O. Chamberlin, which are held by you, before anything is done towards settling my estate." The attorneys for the executor objected to the introduction of this evidence and moved to strike it out on the ground that it is " irrelevant, merely testimony as to the declarations of the decedent in her life time and without foundation to show any gift or testamentary act on the part of the testatrix." The motion was denied. The executor then moved to dismiss the objections and when the Surrogate reserved decision on that motion, stated: " The executor will stand on its motion to dismiss the objections and will not submit any proof." Thereafter the Surrogate dismissed the objections and a decree was entered which adjudged that the promissory notes are valid and enforceable, and directed the executor and trustee " to retain the income and principal payments otherwise due to Harold O. Chamberlin * * * until such retained amounts equal the indebtedness on said notes."

The notes executed by the objectant are valid instruments. They were executed after the will was made, and by no possible construction of the will can we read into the will an intention to forgive any indebtedness of the legatee not in existence when the will was executed, and so far as appears, not in the contemplation of the testatrix at that time. " The matter to be determined in the construction of a will is what did the testator intend at the time of its execution? * * * Clearly, circumstances occurring long after the execution of a will could not have been within the contemplation of the testator, and could, therefore, throw no light upon the meaning of language which he then used." (*Morris* v. *Sickly*, 133 N. Y. 456, 459.) It seems plain to us, too, that the evidence fails to establish a valid release by the testatrix of the indebtedness or a gift to the debtor. (*McCarthy* v. *Pieret*, 281 N. Y. 407.) The *executor* may, we assume, bring an action against the debtor to recover the debt; but he cannot satisfy the indebtedness of the life beneficiary out of the principal of the trust fund, for the debtor has no title to the principal. The question remains whether the *trustee* may be directed

to retain the payments which will be due to the debtor during his lifetime.

Whether the trustee may retain payments which will become due to the debtor during his lifetime depends upon whether the testatrix manifested in her will an intention to provide a minimum amount which should be paid each year to her son even though he might be indebted to her estate. The applicable rule has been stated as follows: " Where a testator leaves his estate in trust for several beneficiaries, one of whom was indebted to the testator, the interest of that beneficiary is subject to a charge for the amount of his indebtedness, unless the testator manifested an intention that his interest should not be subject to such a charge  *  *  *. Where by the terms of the trust or by statute it is provided that the interest of a beneficiary shall not be assigned by him or reached by his creditors, in other words where the trust is a spendthrift trust, the inference is that the testator intended that the beneficiary should enjoy the whole interest given him under the trust, and that the amount of his indebtedness to the testator should not be a charge upon his interest." (2 Scott on The Law of Trusts, p. 1436. Cf. Restatement of the Law of Trusts, § 251.)

Here the testatrix has created a spendthrift trust for her son, Harold O. Chamberlin, but with the proviso that upon the happening of the contingency, viz., the exhaustion of another trust fund created for the benefit of her son by his father, the beneficiary should become entitled to a fixed sum per month. There is no doubt that until the contingency occurred the trust was a spendthrift trust; and the interest of the beneficiary was not " transferable nor subject to commutation or incumbrance nor to legal process  *  *  *." The courts below have assumed that until then the trustee could not retain the income of the spendthrift trust. The contingency has, however, occurred; the beneficiary is now entitled to a fixed annual sum or annuity payable out of principal and the courts below have held that the " annuity payments " due to the beneficiary are transferable and subject to legal process and for that reason may be retained by the trustee till the annuitant's indebtedness is paid.

We assume that the testatrix provided that upon the happening of the contingency specified in the will the life beneficiary should

become entitled to an annuity and that such annuity is transferable and subject to execution. (*Wells* v. *Squires*, 117 App. Div. 502; affd., on opinion below, 191 N. Y. 529; *Matter of Trumble*, 199 N. Y. 454; *Cochrane* v. *Schell*, 140 N. Y. 516.) It does not follow that the trustee may retain the annuity payments till the debt is satisfied if it appears from the form of the gift that the testatrix intended otherwise. The public policy of the State embodied in the statutes imposes on a testator " statutory restraints on freedom of action with respect to property " including testamentary power to make a gift which would " enable a beneficiary to avoid paying his honest debts." (*Matter of Fowler*, 263 App. Div. 255, 260; affd., 288 N. Y. 697 [June, 1942].) No public policy or statute imposes similar restraint on the powers of a testator to make provision for the support of a beneficiary without deduction for the payment of a debt due to the testator.

In this case the intention of the testatrix to make such provision for the support of her son is implied in the will as clearly as if it had been stated in express terms. The testatrix, as we have said, established a " spendthrift " trust for him, but realizing that the income from the trust fund might be insufficient, in a specified contingency, for its intended purpose, she provided that in that event the beneficiary should receive the sum of eighty dollars a month. Technical distinctions between the rights of the beneficiary of an express trust and the rights of an annuitant cannot cloud the clear intent of the testatrix, by gift of an annuity payable both from income and principal of a trust fund, to provide for her beneficiary greater assurance of adequate support than he would receive through gift of the limited income which the trust fund would produce. We give to the provision made by the testatrix its clearly intended effect. The beneficiary has the right to receive payment of the annuity provided by the testatrix for his support free from any charge for the repayment of any indebtedness to the estate.

We have assumed throughout this opinion that the trustee would be required to retain annuity payments till the indebtedness was paid if the contrary intent of the testatrix were not apparent. We recognize that there may be doubt even there, and we point out that we do not decide such question now.

The order of the Appellate Division and the decree of the Surrogate's Court should be modified by eliminating the direction to the trustee to retain payments due to the objectant under paragraph Fifth of the will, and as so modified affirmed, with costs to all parties who have filed briefs, payable out of the estate.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.