Henry Epstein, J.
This is a motion to vacate and set aside a levy under a warrant of attachment upon the right and interests of the beneficiary of a trust and to discharge and release *544 from the attachment the rights and interests of defendant in the trust.
The trust herein provides for payments to the beneficiary in the amount of $500 a month, and in the event that there is insufficient income to meet the payments, the balance is to be made up from principal.
The plaintiffs are the former attorneys of defendant in a suit affecting this trust. The trust company resists the levy on the ground that the trust income of a beneficiary, not being assignable, is not subject to levy under a warrant of attachment. “ These restrictions [Personal Property Law, § 15; Real Property Law, § 103] on the alienation by a beneficiary of income under a trust fund do not apply to gifts of specific amounts payable out of both income and principal. (Matter of Trumble, 199 N. Y. 454; Wells v. Squires, 117 App. Div. 502; affd. on opinion below, 191 N. Y. 529.) ‘ The prohibition against the assignment by a beneficiary of the right to enforce the performance of a trust of personal property is limited to cases where the trust is one to receive the income and apply it to the use of any person.’ (Wells v. Squires, supra.) ” (Matter of Fowler, 263 App. Div. 255, 259.)
Nothing contained in Judis v. Martin (218 App. Div. 402) would prevent the attachment of the funds accumulated by this trustee under this trust.
The motion to vacate the levy is denied. The cross motion to examine the bank pursuant to section 919 of the Civil Practice Act is granted.