Scileppi, J. (dissenting).
In reversing here, the majority
purportedly leaves undisturbed the principle laid down in Beekman v. Bonsor (23 N. Y. 298) and followed in Wright v. Wright (225 N. Y. 329) and many other cases, all of which state the rule that, where a residuary legacy lapses and the will makes no provision for a gift over, the lapsed legacy passes to the statutory distributees as intestate property. The majority opinion, rather, is bottomed upon a construction that paragraph Nineteenth of the will manifests the testatrix’ intention to create a right of survivorship among the surviving residuary legatees (Oliver v. Wells, 254 N. Y. 451), although, as a disinheritance clause, it is ineffective to defeat the distributee’s rights because of the absence of a gift over (Matter of Trumble, 199 N. Y. 454, 465). In support of this conclusion, emphasis is placed upon •that portion of paragraph Nineteenth which reads: “no part of my estate shall go to any except those hereinbefore mentioned.” It is contended that the quoted language constitutes more than words of disinheritance, and, when read in connection with the residuary clause in paragraph Eighteenth, demonstrates testatrix’ intention to create a right of survivorship in the residuary legatees. The trouble with this argument is that the words “hereinbefore mentioned” cannot, with any degree of certainty, be said to refer solely to the residuary legatees named in paragraph Eighteenth and not, in addition, comprehend specific legatees mentioned in previous paragraphs of her will. The usual purpose of clauses such as that contained in paragraph Nineteenth of testatrix’ will is to forestall a charge of undue influence. That this was the purpose here becomes clear upon a reading of the paragraph as a whole. There is *508 nothing contained therein which leads to the conclusion that, aside from its normal purpose, it also embodied testatrix ’ intention to create a right of survivorship in the residuary legatees.
Judges Dye, Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond ; Judge Scileppi dissents and votes to affirm in an opinion.
Order modified and matter remitted to the Surrogate’s Court for further proceedings in accordance with the opinion herein, with costs to all parties appearing separately and filing separate briefs payable out of the estate.