Chief Judge Ftjld (dissenting).
I would reverse on the ground that the estate created in the will for the testator’s son constituted both a legal and equitable vested remainder in fee, the alienability of which, under long-established principles, may not be proscribed. (EPTL, 7-1.5 [replacing former Personal Property Law, § 15]; see, e.g., Bergmam, v. Lord, 194 N. Y. 70, 76; Matter of Trumble, 199 N. Y. 454, 464.) Moreover, the policy considerations in favor of permitting a restraint upon the alienability of property until such time as the beneficiary is believed to be equipped to manage it wisely do not operate where a remainderman is given an absolute and unqualified right to dispose of the property as he chooses, subject only to the prior life estate of another.
Judges Burke, Scileppi, Bergan and Jasen concur with Judge Brietel; Chief Judge Fuld dissents and votes to reverse in a separate opinion.
Order affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate. Questions certified not answered.