OPINION OF THE COURT
C. Raymond Radican, J.
In this trust accounting proceeding, the objectant, the surviving spouse of the decedent and income beneficiary of the trust under article seventh, interim to a disposition of her objections, has moved to compel the payment of accumulated trust income. The account reveals in schedule F a series of items which in effect are claims against the surviving spouse, all of which claims apparently arose after the decedent’s death in connection with the surviving spouse’s management of decedent’s home including an alleged claim for wrongful taking of property from the premises.
*768 At a conference on April 1, 1991, the trustee agreed to disburse current income but refused to pay accumulated income claiming a right of retainer or setoff against the accumulated income.
Many of the cases regarding an alleged right of setoff by a trustee against benefits from the trust to which the beneficiary is entitled relate to debts owed by the beneficiary directly to the decedent. With regard to those cases, the courts have taken the position that where the trust is a spendthrift trust, the inference is that the testator intended that the beneficiary should enjoy the whole interest under the trust and that the amount of the indebtedness to the trustee should not be a charge upon his interest (Matter of Chamberlin, 289 NY 456). The process involves an interpretation and construction of the will and the testator’s intention.
Other cases involving debts owed the trustee take the position that the trustees have no preference over any other ordinary creditor of a trust beneficiary and accordingly, should either be required to bring a proceeding under EPTL 7-3.4 to reach excess income or levy against the income beneficiary’s income following recovery of a judgment (CPLR 5231; see also, CPLR 5205 [d]; Matter of Flint, 118 Misc 354; Matter of Bogert, 41 Misc 598).
Here, however, the trustee’s claims have all occurred after the decedent’s death and during the administration of the trust. In particular some of the claims concern alleged personal property wrongfully taken by the surviving spouse from the decedent’s home. In this regard a noted commentator on the law of trusts concludes that a trust beneficiary who misappropriates or otherwise wrongfully deals with property of the trust should be subject to a charge for the amount of the loss caused to the trust’s estate (3A Scott, Trusts § 253 [4th ed]). Commenting further, the author states that the wrongdoing beneficiary is not entitled to receive the share of the trust property, whether income or principal, without making good to the trust the amount of the loss. It is well settled in New York that a trustee may be entitled to retain trust income to reimburse himself for a mistake in overpayment to one of the beneficiaries (Matter of Peters, 189 Misc 222; In re Schell’s Estate, 82 NYS2d 240; 3A Scott, Trusts § 254 [4th ed]). Recovery of an overpayment being permissible by setoff against income, a fortiori a wrongful detention of property by the beneficiary should likewise authorize the trustee to retain income for such purposes.
*769 The problem, however, is that while these claims remain unliquidated, disputed and undetermined, the surviving spouse suffers the consequences of diminished income. Rather than to continue on the basis of mere speculation of wrongdoing, the court will insist on an immediate hearing to determine the validity of the trustee’s claims which have been disputed.by the surviving spouse. If necessary to prepare for trial, the surviving spouse may wish to request a bill of particulars, discovery or other means more clearly delineating the trustee’s claim. The matter will be placed on the calendar for trial on August 13, 1991 at 9:30 a.m.