**Matter of Augustine**

2011 NY Slip Op 34358(U)

December 6, 2011

Surrogate's Court, New York County

Docket Number: File No. 2003-1560/A

Judge: Kristin Booth Glen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT: NEW YORK COUNTY
_____ x
In the Matter of the Settlement of the First and Final Account
of STEPHEN GRIESGRABER, as Preliminary Co-Executor
and Executor of the Last Will and Testament of

       ROSE L. AUGUSTINE,

                   Deceased.
_____ x



New York County Surrogate's Court
DATA ENTRY DEPT.
Date DEC 06 2011

SCANNED

File No. 2003-1560/A

G L E N, S.

Incident to his accounting proceeding as executor of the will of Rose L. Augustine, Stephen Griesgraber asks that compensation to his co-preliminary executor, Patricia Carter, be denied, and that she be directed to refund the sum of $100,000 previously allowed on account of the compensation to which she would be entitled on the settlement of her account.[1] He also asks for permission to withhold sufficient assets from Carter's beneficial interest in a testamentary trust to offset a judgement against her held by the estate. Carter has defaulted in this proceeding and the facts alleged by petitioner are deemed true (SCPA 509) and supported by the record.

Background

Rose L. Augustine died on April 21, 2003, a resident of New York County. An instrument dated April 3, 2003, was offered for probate by Griesgraber and Carter, the nominated executors of the will and co-trustees of a $ 500,000 testamentary trust. The trust provides for income to Ms. Carter for her life, with the remainder to the Augustine Foundation. The Foundation is also the residuary beneficiary of decedent's estate. In May 2003, preliminary letters testamentary issued to both Griesgraber and Carter.

In November 2006, Griesgraber filed a petition pursuant to SCPA § 711(2) to revoke

---

[1] The order authorizing advance payment provided it was subject to reimbursement to the extent disallowed in the accounting proceeding.

Carter's letters on the ground that she had, in effect, misappropriated estate property by embezzling funds from the Augustine Companies, which were wholly owned by the estate either directly or indirectly. The embezzlement allegedly began in September 2005, after decedent's death, while Carter was an employee. She defaulted on the return date of the removal proceeding, and the court issued an order dated January 9, 2007, suspending her letters pending further proceedings. The Augustine Companies subsequently obtained a judgment against her for the embezzlement and assigned the judgment to the estate.

By decree dated February 11, 2009, the propounded instrument was admitted to probate and Letters Testamentary and Letters of Trusteeship were issued only to Griesgraber.

Discussion

The allegations of fiduciary malfeasance in the removal petition are deemed to be true in view of Carter's failure to dispute them (SCPA 509). It is well settled that a court may deny a fiduciary commissions where she has wilfully violated her duty (*Matter of Donner,* 82 NY2d 574 [1993]). In the circumstances here, denial of all compensation to Ms. Carter and a directive that she return the advance payment clearly are warranted.

As noted above, Carter is the income beneficiary of a trust under decedent's will. Pursuant to the will's terms, that trust is subject to spendthrift protections, which ordinarily would shield her interest from her creditors. As executor and trustee, Griesgraber nevertheless seeks authorization to withhold trust income from Ms. Carter until the judgment assigned to the estate has been satisfied. Including post-judgment interest, the amount that she owes now on the judgment exceeds $190,000.

It is a well settled principle of equity that an estate fiduciary has the right to apply all or part of a beneficiary's interest toward satisfaction of that beneficiary's debt to the estate (*Matter*

2

*of Flint*, 120 Misc 230 [Sur Ct, Westchester County 1923], *affd* 206 AD 778 [2d Dept 1923]; 4 Scott and Ascher on Trusts § 25.2.3 [5th ed 2009]). This right of "retainer and lien" in the estate fiduciary is based on the proposition that, in fairness, a beneficiary should not be allowed to reap the benefits of a fund while at the same time depriving that fund of what she owes it. But the equitable principle does not always apply to a spendthrift trust. As to such a trust, at least where the beneficiary's debt was originally owed to the settlor or testator, a court may rule that the trustee cannot withhold benefits from the beneficiary to satisfy the latter's debt (*see* 4 Scott and Ascher on Trusts, § 25.2.3 n 6 [5th ed 2009]).

However, even where the beneficiary's interest is in a spendthrift trust, if her indebtedness arises from a wrong that she has committed to the trust (or to the estate from which the trust derives), a different rule applies. In that case, unless the trust instrument indicates that the creator of the trust intended otherwise, the beneficiary's interest may be withheld to the extent needed to satisfy the beneficiary's debt (*Matter of Abel*, 150 Misc 2d 767 [Sur Ct, Nassau County 1991]; *Matter of Stanley*, NYLJ, Nov. 24, 1992, at 35, col 3 [Sur Ct, New York County]).

Here, both the judgment and the right to reimbursement of advance compensation arose from actions after the decedent's death, and there is no indication in the will that decedent intended to insulate Carter's trust interest from claims for such wrongdoing. Accordingly, Griesgraber is authorized to withhold income otherwise payable to Carter as an offset against the judgment. He is further authorized to withhold income otherwise payable to Carter to offset any fiduciary compensation previously awarded to her on account, to the extent she fails to reimburse the estate as directed. He is directed to add the amounts withheld to the residuary estate, for payment to the Augustine Foundation as residuary beneficiary, to the extent that the charges

3

against the residue allow.

Settle decree on accounting.

_____
SURROGATE

Dated: December 6, 2011

4