In the Matter of the Judicial Settlement of the Account of CLARENCE E. BLOODGOOD, as Executor, etc., of ANTHONY BLOOM, Deceased.

FRANCES L. MARTIN, Appellant; CLARENCE E. BLOODGOOD, as Executor and Trustee, and Others, Respondents

Third Department, November 13, 1918.

**Will giving beneficiary life interest in residuary estate — subsequent will by legatee of residue of said residuary estate devising same to beneficiary in first will — merger.**

Where a testator bequeathed a certain sum to his sister absolutely, and provided that if said amount should be insufficient to comfortably support and maintain her, that a sufficient amount be taken from his residuary estate, consisting of real and personal property, annually during her life; that said residuary estate be held in trust for that purpose, with remainder to his mother, her heirs and assigns forever, and the mother died after the death of the testator, leaving a will bequeathing her residuary estate to the said daughter, the two estates, under the provisions of section 15

APPEAL by Frances L. Martin from a decree of the Surrogate's Court of the county of Greene, entered in the office of said Surrogate's Court on the 17th day of September, 1917, settling the accounts of the executor and trustee herein.

*Brinnier & Canfield,* for the appellant.

*Ambrose Jones* [*Osborn, Bloodgood, Wilbur & Fray* and *John L. Fray* of counsel], for the respondents.

COCHRANE, J.:

By the will of Anthony Bloom, deceased, executed November 7, 1909, he bequeathed to his sister, the appellant herein, the sum of $1,000 absolutely. It was then provided as follows: " Should the legacy of one thousand dollars herein above given and bequeathed to my sister, Lucinda Bloom [Frances L. Martin] be insufficient to comfortably support and maintain her, then and in that case, I hereby direct that sufficient to so comfortably support and maintain her shall be taken from my residuary estate hereinafter bequeathed annually during her natural life, and that said rest and residue or residuary be held in trust by my executor hereinafter named for that purpose." The residuary estate was then given by the testator to his mother, Anna M. Bloom, and to her heirs and assigns forever. The estate consists of both real and personal property.

Anna M. Bloom died after the death of Anthony Bloom, leaving a last will and testament wherein, after bequeathing a few small legacies, she gave her residuary estate, whether real or personal, to her daughter, the appellant herein, who was also constituted the sole executrix of the will. The effect of this testamentary provision was to vest in the appellant all interest in the residuary estate of Anthony Bloom which under his will went to his mother, subject to the provision that it should be held in trust for the benefit of the appellant.

The appellant insists that the two estates now merge in her and that as by the will of her mother she (the appellant) becomes vested with the residuary estate of her brother, it

should be turned over to her. There is no one interested in either estate to interpose any objection to this contention except the trustee under the will of Anthony Bloom, who asserts his intermediate estate as trustee between the interest of the appellant as beneficiary of the trust estate and her right as remainderman to the same estate. This position of the trustee has been sustained by the surrogate.

The appellant cannot succeed without some statute justifying her contention. (*Asche* v. *Asche*, 113 N. Y. 232.) We think there is such a statute.

After the decision in the *Asche* case the Legislature entered on its policy of accomplishing the destructibility of trusts. Various statutes were enacted with that end in view, the mutations of which statutes through various amendments it is unnecessary to consider. The present statute is section 15 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as amd. by Laws of 1911, chap. 327) as follows: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property may be transferred. * * *." The counterpart of this statute as applied to real estate is section 103 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52).

In Fowler's Personal Property Law (2d ed. p. 89) it is said of the foregoing statute: " This section is now an explicit restoration of the former law of this State making certain trust interests inalienable, as we have before noticed at length. But this section, it will be observed, applies only to trusts to receive and apply income to the use of beneficiaries specified and not to other trusts." This statement is approved in *Dale* v. *Guaranty Trust Company* (168 App. Div. 601).

It will be observed that the right of the appellant herein as beneficiary under the will of her brother was not to receive the income of any property but to receive from the trust fund, whether principal or income, as much as might be necessary for her comfortable support and maintenance. The statute, therefore, provides that she may alienate the same and the merger of the two estates becomes complete.

In *Wells* v. *Squires* (117 App. Div. 502) the testator created a trust fund and provided that there should be paid therefrom annuities to three separate beneficiaries. It was contended that this unlawfully suspended the power of alienation, and in support of that contention it was urged that there were three annuitants who could not lawfully transfer their interests. The court after calling attention to the fact that a gross sum was given to the trustee and that out of that sum, not alone out of the income, were the annuitants to be paid, said: " This contention cannot be sustained. The prohibition against the assignment by a beneficiary of the right to enforce the performance of a trust of personal property is limited to cases where the trust is one to receive the income and apply it to the use of any person. The statute expressly provides that ' the right and interest of the beneficiary of any other trust in personal property may be transferred.' (Pers. Prop. Law [Laws of 1897, chap. 417], § 3, as amd. by Laws of 1903, chap. 87.) [Now section 15 of Personal Property Law.] The trust in the present case is distinctly not a trust to receive the income and apply it to the use of any person, and cannot be construed as such by any known rule of construction. Consequently the interests of the beneficiaries are alienable and do not suspend the absolute ownership of the fund. ( *Kane* v. *Gott*, 7 Paige, 521; 24 Wend. 641.) The annuitants, acting in conjunction with the trustee, could convey the estate to the remainderman, or they, with the remainderman, could convey to a third person. And if the annuitants and the remainderman united in an assignment, the trustee would be obliged to convey to the assignee. (*Coster* v. *Lorillard*, 14 Wend. 265.) " That case was affirmed on opinion below in 191 New York, 529, and seems to be decisive of the question here involved.

The decree should be modified by providing that the executor and trustee transfer to the appellant the balance of the estate in his hands, and as so modified the decree should be affirmed, without costs.

Decree modified by providing that the executor and trustee transfer to the appellant the balance of the estate in his hands, and as so modified decree unanimously affirmed, without costs.