In the Matter of the Accounting of HARRY F. HALLADAY, as Trustee under the Will of SUSAN L. HIGGINS, Deceased.

Surrogate's Court, Jefferson County, February 10, 1954.

*Paul E. Brown* for trustee, petitioner.

*Robert J. Hanrahan* for Lucile L. Olley, respondent.

SCHWERZMANN, S. This is a voluntary intermediate accounting proceeding in which the trustee has requested a construction of the following provision of the testatrix' will: "Third: I give, devise and bequeath unto HARRY F. HALLADAY, residing at 1012 Washington Street, in the City of Watertown, New York, the following personal property in trust, nevertheless, for the purposes hereinafter set forth: The sum of Fifteen Thousand Dollars ($15,000) in cash, together with One Hundred (100) shares of Republic Steel Corporation, 6% Prior Preferred Stock, said HARRY F. HALLADAY to hold said property as Trustee, with full power to invest the cash principal thereof or income therefrom, in investments which are legal for Trust Funds in the State of New York, all for the use and benefit of LUCILE L. OLLEY, of the Village of Clayton, New York, said Trustee to pay unto the said LUCILE L. OLLEY, the sum of Sixty Dollars ($60.00) a month in cash, using the income from said property for such purpose as long as possible, with full power in his discretion to use the principal thereof, or to convert said stock, after said cash is exhausted, for the purpose of making the aforesaid payments, and, also, it is my direction that said Trustee shall have full power to increase said payments unto the said LUCILE L. OLLEY, in his discretion, if he feels an increase is necessary for the support and maintenance of the said LUCILE L. OLLEY. In the event of the decease of the said LUCILE L. OLLEY, before the Trust Fund, above described, is completely exhausted, then, and in that event, it is my direction that my said Trustee, HARRY F. HALLADAY, shall immediately pay and transfer any stock or cash remaining therein, unto ANNA C. LAMON, the mother of said LUCILE L. OLLEY, residing in the Village of Clayton, New York, the residue remaining in said Trust Fund, the same to be hers absolutely and forever."

The life beneficiary under this trust is also the assignee of all possible remainder interests. The several assignments concerned are each in proper form and duly filed. No objection having been made as to their validity, they must be deemed to vest in the life beneficiary the ownership of the entire remainder interest.

The basic issue presented is this: Does the coincidence of ownership of both the life interest and remainder interest in the life beneficiary effect a merger of such interests and entitle her to a termination of the trust? The life beneficiary, taking

the position that it does, has served upon the trustee a written demand that the trust be terminated. The trustee has refused to comply with the demand, has filed his account and petitioned for a determination as to the propriety of the demand.

As this court has no authority to direct the termination by merger of any trust which by statute is made inalienable (*Dale* v. *Guaranty Trust Co.,* 168 App. Div. 601; *Cuthbert* v. *Chauvet,* 136 N. Y. 326), our inquiry narrows down to a consideration of the applicability of section 15 of the Personal Property Law to the trust in question. This section provides in part as follows: '' The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property * * * may be transferred.'' If the present gift is a '' trust to receive the income of personal property '' within the meaning of this section, it is statutorily inalienable, merger is precluded, and the life beneficiary cannot succeed.

We are seeking the intent of the testatrix (*Matter of Smathers,* 133 Misc. 812). Did she intend to create an inalienable trust for income within the meaning of this section, or did she intend to create an alienable gift in the nature of an annuity? While it is axiomatic that no two wills are alike, and the intent of one may not be borrowed from another (*Matter of Watson,* 262 N. Y. 284), certain evidences of intent which have been of guidance to other courts might be helpful here. In those cases wherein it has been determined that a particular gift was in the nature of an annuity rather than a trust for income within the meaning of section 15 of the Personal Property Law, the gift has possessed certain elements which militate against an intent to create a trust for income. First, the gift has been one of a definite and fixed amount payable periodically; and secondly, it has been <u>mandatorily</u> payable out of principal as well as income. The reason for the emphasis accorded these elements is clear. The gift of a fixed amount tends to negate an intent to give indeterminable income, and when considered in conjunction with the size of the fund, and the income to be derived therefrom, may be indicative of an implied directive to invade principal; a requirement of periodic payments may be to some extent inconsistent with the known irregularity of income receipts. And the mandatory use of principal results in a trust for the application of principal, a purpose beyond the scope of section 15 of the Personal Property Law which is

limited to trusts for the application of income only. (*Matter of Fowler*, 263 App. Div. 255, affd. 288 N. Y. 697.) In the decisions cited by the life beneficiary, it will be noted that both of these elements characteristic of an annuity were consistently present. With the sole exception of *Matter of Bloodgood* (184 App. Div. 798), which is somewhat of anomaly, the gift concerned in each of the cases noted below was one of a fixed amount payable periodically. The intent to charge principal either wholly or in part was in some instances express, in others implied, but in each instance it was determined to be present. In *Matter of Chamberlin* (289 N. Y. 456), *Matter of Fowler* (*supra*), *Matter of Schirmer* (113 N. Y. S. 2d 697) and *Matter of Hayden* (172 Misc. 669), the direction to use principal was express. In *Wells* v. *Squires* (117 App. Div. 502, affd. 191 N. Y. 529), *Matter of Trumble* (199 N. Y. 454), *Matter of Bloodgood* (*supra*) and *Matter of Graczyk* (66 N. Y. S. 2d 750), where no source of payment was mentioned, a direction to use principal was implied. And, in a few decisions which were unique in their purpose, an intent to charge principal was implied even though income alone was designated as the source of payment (*People's Trust Co.* v. *Flynn*, 188 N. Y. 385; *Buchanan* v. *Little*, 154 N. Y. 147; *Matter of Anderson*, 143 Misc. 250).

The present gift does not fit this pattern characteristic of annuities. From the language of the testatrix, it is evident that she intended to create a discretionary trust, and not the gift of a fixed amount obligatorily payable out of principal. The form of the gift is that of an express trust; this factor is not controlling (*Matter of Kidd*, 142 Misc. 512), but certainly may not be completely disregarded. The testatrix has stated that the trust fund shall be held "*all* for the use and benefit of Lucile L. Olley". Thus far, the testatrix has indicated her intent that the life beneficiary shall be entitled to all the income from the trust. Then follows a direction to pay to the life beneficiary "the sum of Sixty Dollars ($60.00) a month in cash". The testatrix states that to satisfy these payments, income is to be used as long as possible, and principal is to be used in the trustee's "discretion". Then she goes on to provide that the trustee "shall have full power to increase such payments * * * in his discretion * * * if he feels an increase is necessary". Standing alone, the direction to pay "Sixty Dollars ($60.00) a month in cash," would be extremely significant, perhaps determinative, under the precedents established in the decisions cited by the life beneficiary.

But preceded as it is by words indicating a gift of all the income, and succeeded by words which clearly indicate that this amount may not be paid from principal nor increased except in the discretion of the trustee, this particular direction is clearly qualified. It is not the gift of a definite and absolute amount for the reason that it may be increased by possible income in excess of that amount, to which excess the life beneficiary would be entitled, or it may be increased at the discretion of the trustee, or it may be decreased, if the trustee does not exercise his discretion to satisfy out of principal. Nor was the gift intended to be an unconditional charge against principal in view of the testatrix' express direction that the " power " to use principal shall rest in the " discretion " of the trustee.

The life beneficiary, in support of her contention that the gift is one in the definite amount of $60 per month and that it must be satisfied out of principal, relies upon a decree made by my predecessor in a previous construction proceeding involving this identical provision in the testatrix' will. The pertinent portion of that decree reads: " It further appearing that the petition filed herein asks for a construction of the trust provision designated as paragraph ' Third ' of the last Will and Testament of testatrix, it is hereby ADJUDGED AND DECREED, that it was and is the intent of said trust provision that Lucile L. Olley should receive a minimum of Sixty Dollars ($60.00) per month from the trust funds in the possession of the Trustee thereof, and that the Trustee may, in his discretion, pay to the cestui que trust such additional amount or amounts as he deems necessary for the support and maintenance of said Lucile L. Olley." The life beneficiary urges that by determining the testatrix' intent to give a " minimum " amount, the court has decided that the technical elements of an annuity are present, and that such decree is determinative of the issue here presented. With that view I cannot agree. In the first place a minimum amount is not the equivalent of a definite and fixed amount (*Matter of Brown*, 183 Misc. 470). Secondly, that proceeding was jurisdictionally defective for the purpose the life beneficiary urges. The remainderman and the trustee, the only two parties who could or would logically defend the use of principal, were not parties to the proceeding. And finally, the issue in the present case was neither then presented to nor considered by the court. To attempt to resolve the specific intent we are here seeking, viz., whether the testatrix intended to create an inalienable trust for income, on the basis of a decree which did not

purport to consider that intent nor to have jurisdiction over the parties then or now concerned, would be wholly unrealistic.

One of the commanding features of this trust plan, implicit in the testatrix' own words, is her intent to vest in the trustee broad discretion as to the use of principal, both to satisfy the stated amount and to increase it. It is not my province to inquire why the testatrix chose to surround the life beneficiary with this protection; it suffices that she has. This discretion given to the trustee may not be disregarded. Words expressly used, in the absence of ambiguity, should not be rejected as meaningless (*Roseboom* v. *Roseboom,* 81 N. Y. 356; *Matter of Briggs,* 180 App. Div. 752; *Matter of Hemstreet,* 101 Misc. 340; *Kent* v. *Fisk,* 151 App. Div. 279). The discretion to use principal here given can be effectuated only through the medium of a trust. Such discretion is compatible with a trust for income within the meaning of section 15 of the Personal Property Law (*Matter of Wentworth,* 230 N. Y. 176); it is wholly incompatible with the hypothesis of a mandated and unconditional use of principal underlying gifts in the nature of annuity. In that connection, it is perhaps significant to note that in no case cited by the life beneficiary was the trustee given the discretion to use principal unconditionally, in no case was the use of principal to make up income deficiences left to the discretion of the trustee, and in no case was the trustee vested with discretion to increase the stated amount.

The present gift is a trust within the meaning of section 15 of the Personal Property Law, and the inalienability afforded by that section precludes its termination. But alienability, to my mind, is not the sole test of terminability in this instance. Even had it been determined that the gift here was fully alienable, I do not feel that the life beneficiary would be entitled to compel the termination of this trust. I am aware that the results in *Matter of Bloodgood* (184 App. Div. 798, *supra*), and *Matter of Schirmer* (113 N. Y. S. 2d 697, *supra*), tend to indicate the contrary, but the opinions in those cases are not that broad. While alienability, as we have noted, is a prerequisite to terminability by merger, I do not think the converse is always true, i.e., that terminability by merger is a necessary corollary to alienability. In a case such as this, where there has, in fact, been no alienation to others than the life beneficiary, and the trust purpose can be fulfilled at least until such alienation, the equitable considerations underlying the reluctance of the courts to abrogate trusts, as set forth in *Asche* v. *Asche* (113 N. Y. 232), and *Cuthbert* v. *Chauvet* (136 N. Y. 326, *supra*), should

prevail. So long as the trust purpose as a practical matter can be accomplished, it should be.

I decline at this time to decide the remaining matters presented by the petition. The validity of a certain agreement entered into between the trustee and the life beneficiary, is not, and may not, be questioned by any of the parties now before the court. The extent to which the trustee may use principal is not properly a matter for instruction before use, but only for review in the event of abuse.

Proceed accordingly and settle account.