Francis X. Conlon, J.
In this special proceeding by the • trustee to settle its account, a construction is also sought to determine the validity and effect of' the disposition of the trust remainder by the last will and testament of Alger D. Couch, deceased, and as to what rights and interests had been created or affected.
The petitioner is trustee of a trust of personal property executed on December 30, 1926, by one Huldana S. Couch. The indenture of trust provided that both the settlor and Alger D. Couch (life beneficiary) had the power to alter, amend or revoke the trust agreement at any time. Huldana S. Couch died January 9, 1950. Thereafter, Alger D. Couch amended the trust indenture on August 31, 1950 and on December 3, 1950 *837 executed another instrument which took the place of article 7 of the indenture, executed August 31, 1950 and provided that ‘1 Alger D. Couch during the lifetime of Evelyn Lilly Couch, his wife, and when acting con-jointly with Evelyn Lilly Couch may * * * modify or revoke in whole or in part of this agreement ’
On December 24, 1951, Alger D. Couch and Evelyn Lilly Couch amended the indenture of trust to provide that upon the death of Alger D. Couch, his wife, Evelyn Lilly Couch, would have a life estate and upon her death it “ shall be distributed in such manner as Alger D. Couch shall have directed by will or codicil, or if he shall have failed to direct as aforesaid or insofar as such direction may be ineffectual, then to such person or persons as would in accordance with the laws of the State of New York then in force applicable to cases of intestacy
Alger D. Couch died on August 3, 1953. His last will and testament was admitted to probate in Essex County, New Jersey. The Fifth paragraph of said will provided in part as follows: “ All the rest, residue and remainder of my estate and property, real personal and mixed, wheresoever situated and of whatsoever nature, whether acquired before or after the execution of this will, this being intended by me to be a due execution of any power of appointment of which I am now, or may hereafter be, donee, I give, devise and bequeath to my said wife E. L. N. Couch, if she survive me, to have and to hold the same unto her heirs, executors and assigns, absolutely and forever.”
The basic issue presented is this: Did Alger C. Couch by his will execute the power of appointment given him by the trust and if so, does such ownership of the life interest and remainder interest by Evelyn Lilly Couch effect a merger terminating the trust?
Section 18 of the Personal Property Law provides that: ‘ ‘ Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication.”
Although the will was executed on December 6, 1927, considerably before the last amendment of the indenture of trust, it is clear that Alger D. Couch had knowledge of the original indenture of trust since he made specific reference to it in paragraph Fourth thereof. Said paragraph Fourth was based on a contingency which did not occur; however his reference there together with the clear language of the Fifth paragraph of his will evinces his intent to execute any power of appoint *838 ment given to him under this trust or any trust in existence at his death. The statutory presumption prevails then, and I find that Alger D. Couch effectively exercised the power of appointment, given him under the trust, by his last will and testament.
The life estate of Evelyn Lilly Couch is not merged with the remainder interest which became vested at the death of Alger D. Couch. Section 15 of the Personal Property Law provides in part as follows: ‘ ‘ The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise.” The effect of said statute is to create not one estate, but two estates in the person of Evelyn Lilly Couch, namely, a life estate and a remainder interest. (See Matter of Higgins, 205 Misc. 385; Matter of Atkinson, 114 N. Y. S. 2d 808; Matter of Bowers, 2 Misc 2d 482.)
Accordingly, I find that the trust is not terminated by the provision in the will of Alger D. Couch wherein he effectively conveyed the remainder interest in the trust to Evelyn Lilly Couch.
That branch of the application to judicially settle the account of the trustee for the period from December 30, 1926 through December 31, 1953 is granted. The attorneys for the petitioner are allowed the sum of $3,750 for legal services rendered, together with $24 disbursements. The trustee is allowed commissions in the sum of $52.36, together with $1,202.96 disbursements, and the special guardian is allowed $1,750.
Settle order accordingly.