John D. Bennett, S.
This is an accounting proceeding in which the court is requested to construe paragraphs fifth and sixth of the will, which read in part as follows:
“ fifth: All the rest, residue and remainder of my estate of whatsoever kind and description and wheresoever situate I give, devise and bequeath to the Nassau county trust company as Trustee to divide the same into eight equal parts and to hold one of such parts in trust for each of the following persons *H* 4s*
‘' My son Andrew steidinger residing at 26 Bedell Avenue, West Hempstead, New York * * *
‘ ‘ sixth : The uses and purposes for which the said Trustee shall hold the said trusts shall be as follows: To take, hold, manage, invest and reinvest the same and to collect the rents, issues, income and profits thereof and, after paying all proper charges thereon, to pay the same over to the beneficiary of such trust together with 10% of the principal amount of such trust fund in approximately annual installments until the same shall have been completely distributed. In the event that any of said beneficiaries shall die before the said trust fund shall have been completely distributed, the said Trustee shall, upon his death, transfer and pay over the remaining principal of the said trust fund to such person as the said beneficiary may by his Last Will and Testament appoint or, in default of such appointment, to his distributees under the Laws of the State of New York.”
Andrew Steidinger died intestate on March 15, 1962, leaving him surviving a widow and two children. During his lifetime, Andrew Steidinger executed various assignments of his interest in this decedent’s estate. The last of these assignments is dated April 11,1959, and purports to assign to Simeon Wolf man all of the interest of Andrew Steidinger in the estate and trust fund set up under the will of Christian Steidinger.
The assignee now claims a right to the balance of the share which was held for the benefit of his assignor on the ground that such share was indefeasibly vested in the assignor.
The issue presented involves a determination of whether the interest of Andrew Steidinger during his life was a legal life estate coupled with a power to appoint by will or merely an equitable interest as a beneficiary of a trust accompanied by a power to appoint by will.
“ It is only where the tenant for life or for years is enabled in his lifetime to dispose of the entire fee for his own benefit that the power of disposition is absolute (Beal Prop. Law, § 153); or where, under the immediate preceding sections of that law, there is a legal estate for life or for years in the nature of *121 a general or beneficial power with a right to convey or devise. (Matter of Davies, 242 N. Y. 196.) If the estate be an equitable one, as in this case, the interest of the life tenant, even with the power of disposition by a will, does not ripen into an absolute fee ” (Matter of Hayman, 134 Misc. 803, 807, affd. 229 App. Div. 853, affd. 256 N. Y. 557).
The gifts expressed by the testator in paragraphs fifth and sixth are in the general form of trusts rather than annuities or legal life estates. While this factor is not controlling, it may not be disregarded (Matter of Higgins, 205 Misc. 385).
Moreover, one of the essential elements of an annuity, that is, that it be for a fixed amount in periodic payments (Matter of Ferris, 3 N Y 2d 70; Matter of Trumble, 199 N. Y. 454), is absent. Since the gift is initially that of income, and only secondarily of 10% of the principal, the result will naturally be an indeterminate amount rather than a fixed and certain sum (Matter of Higgins, supra, and cases there cited).
The power to appoint by will being given only in connection with a trust, it can be exercised, if at all, only by a testamentary instrument in accordance with the direction of the testator (Davids, New York Law of Wills, §§ 724, 819).
The donee having died intestate, the remainder is vested in the distributees of the donee as the alternate beneficiaries of the gift under the will, and the court so holds.