Millard L. Midoxick, S.
The will of this testatrix directs that designated shares of corporate stock “be held in trust”, that during the lifetime of a sister of the testatrix such sister “ receive the income ”, and that upon her death the principal of the stocks revert to the residuary estate. The will nominates the executor, who is not the beneficiary, as “trustee of said trust.” By reason of the fact that the same sister is the residuary legatee under the will it is suggested that a merger of interests has resulted and the trust has been destroyed.
The essential elements of a valid trust of personal property are stated in Brown v. Spohr (180 N. Y. 201, 209) where the court said: ‘ ‘ There are four essential elements of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee.” (See, also, Matter of Fontanella, 33 A D 2d 29, 30).
Professor Scott, alluding to the difficulty of defining a legal term with perfect accuracy, has this to say as to the characteristics of a trust: “All that one can properly attempt to do is to give such a description of a legal concept that others *580 will know in a general way what one is talking about. It is possible to state the principal distinguishing characteristics of the concept so that others will have a general idea of what the writer means. With this in mind, those responsible for the Restatement of Trusts proposed the following definition or description of an express trust. It is ‘ a fiduciary relationship with respect to property, subjecting the person by whom the title to property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.’ In this definition or description the following characteristics are to be noticed: (1) a trust is a relationship; (2) it is a relatioiiship of a fiduciary character; (3) it is a relationship with respect to property, not one involving merely personal duties; (4) it involves, the existence of equitable duties imposed upon the holder of the title to the property to deal with it for the benefit of another; and (5) it arises as a result of a manifestation of intention to create the relationship. The combination of these things characterizes the notion of the trust as that notion has been developed in the Anglo-American law.” (1 Scott, Trusts [3d ed.], § 2.3.)
The essential elements of a valid trust exist in this will. The fact that the beneficiary is also the residuary legatee and trust remainderman does not effect a merger which is destructive of the trust, inasmuch as that result eventuates only when the same individual is not only the income beneficiary and remainderman but also the sole trustee, a fact situation which is not here present (Matter of Reed v. Browne, 295 N. Y. 184). A disposition of a trust remainder which confers only the privilege of disposing of the fund by will is usually expressed by the grant of a power of appointment, but if this testatrix intended to bequeath to her sister anything beyond a power of testamentary disposition or a right of assignment, such intention is not to be found in the text of the will. The trustee has the active duty of receiving and distributing the trust income and the trust cannot be regarded as passive. No invalidity arises from the fact that the life beneficiary has a vested remainder which will not come into her possession during her lifetime (Matter of Chalmers, 264 N. Y. 239, 247; United States Trust Co. of New York v. Taylor, 193 App. Div. 153, 156, affd. 232 N. Y. 609; Dale v. Guaranty Trust Co. of New York, 168 App. Div. 601; Cook v. City Bank Farmers Trust Co., 3 A D 2d 634; Matter of Couch, 11 Misc 2d 836; Matter of Higgins, 205 Misc. 385; Matter of Atkinson, 114 *581 N. Y. S. 2d 808). The equitable estate is in the beneficiary and the legal estate is in the trustee and consequently there is not a merger of interests. The will creates a valid trust which was not intended to terminate until the death of the income beneficiary.
It is not necessary to speculate as to the motive of the testatrix in creating this trust, but her intention to prevent the legal title of the fund from vesting in the beneficiary during the trust term is apparent. It may have been the intention of the testatrix to protect the beneficiary from her own improvidence or to shield her from creditors but, whatever the purpose of the testatrix, trust principal can become available to the beneficiary only by a sale of her remainder interest or an application to invade trust principal pursuant to EPTL 7-1.6.