In the Matter of the Construction of the Will of HARRY MAYBAUM, Deceased. NATHANIEL KOZINN, as Executor of HARRY MAYBAUM, Deceased, Appellant. MOLLIE G. MAYBAUM et al., Respondents.

Argued January 10, 1947; decided February 27, 1947.

*Maurice Kozinn* for appellant. I. Paragraph " Fifth " of the will created a life estate with remainder over of any unconsumed portion thereof. (*Eidt* v. *Eidt*, 203 N. Y. 325; *Matter of Buechner*, 226 N. Y. 440; *Matter of Hoffman*, 201 N. Y. 247; *Freeman* v. *Coit*, 96 N. Y. 63; *Matter of Ithaca Trust Co.*, 220 N. Y. 437; *Smith* v. *Bell*, 6 Pet. 68; *Terry* v. *Wiggins*, 47 N. Y. 512; *Leggett* v. *Firth*, 132 N. Y. 7; *Seaward* v. *Davis*, 198 N. Y. 415.) II. If the court construes petitioner's bequest to be an annuity then there is no right to capitalize the fund. (*Matter of Proctor*, 235 App. Div. 6.) III. There is a partial intestacy as to the unused portion of petitioner's bequest. (*Matter of Disney*, 190 N. Y. 128; *Matter of Tamargo*, 220 N. Y. 225.)

*Bertram H. Siegeltuch* for respondents. I. The portion of paragraph " Fifth " involved herein constitutes an absolute bequest of 60% of the net residue to petitioner. (*Tillman* v.

*Ogren,* 227 N. Y. 495; *Matter of Forde,* 286 N. Y. 125; *Matter of Davis,* 166 Misc. 772.) II. If the bequest to petitioner be construed as an annuity, she has the absolute right to elect to take the principal fund designated by the testator in lieu thereof. (*Matter of Cole,* 219 N. Y. 435; *Matter of Fischer,* 261 App. Div. 252; *Matter of Oakley,* 142 Misc. 1; *Matter of Adriance,* 158 Misc. 857; *Matter of Mitchell,* 152 Misc. 228; *Matter of Bertuch,* 225 App. Div. 773.)

LEWIS, J. Upon this appeal we are to construe the following paragraph of the will of Harry Maybaum who died March 1, 1944:

" Fifth: All the rest, residue and remainder of my estate, both real, personal or mixed, I hereby direct my executor to divide the same after the payment of all administration expenses into three parts, one part consisting of sixty per cent (60%) which I hereby give and bequeath to my common-law wife, Mollie Goodheart, and direct that my executor pay the same to her in monthly payments of Thirty-five ($35.00) Dollars; the second part consisting of thirty per cent (30%) which I give and bequeath to my sister Fannie Rothstein; the third part consisting of ten per cent (10%) which I give and bequeath to the following children of my deceased brother David, share and share alike; Milton Maybaum, Sol Maybaum, Esther Maybaum, and Lillian Maybaum.

" In the event Mollie Goodheart dies before her share of the sixty per cent (60%) is paid to her in monthly installments as aforesaid, then in that event the balance of her share remaining is to be paid to her son, Joseph Goodheart."

The paragraph quoted above was construed by the Surrogate to be a bequest to the petitioner-respondent, Mollie Goodheart Maybaum, of an annuity of $35 a month to be paid during her lifetime from the income, or principal, or from both, of 60% of the residuary estate, and that any balance remaining at her death is to be paid to her son. Incidental to his ruling that she is not entitled to elect to receive the capital sum necessary to produce such an annuity, the Surrogate also decreed that, by reason of the fact that the petitioner's son, Joseph Goodheart, had predeceased the testator, any portion of 60% of the residuary estate which remained after the death of

the petitioner, shall be paid to the testator's distributees as intestate property.

Upon appeal by the petitioner the Appellate Division modified on the law the Surrogate's decree and ruled that the testator's bequest to the petitioner was absolute, except as modified by the provision for monthly payments, and that the petitioner may elect to receive the capital sum necessary to produce the monthly payments which the testator directed should be paid to her. The basis for the Appellate Division's ruling is indicated by the following statement in its memorandum of decision: "Such a construction avoids the partial intestacy which would be caused by the lapse of the attempted gift to appellant's son and is therefore, to be favored".

We reach a different conclusion. As we read the "Fifth" paragraph of the testator's will it sets forth in unambiguous language a testamentary plan according to which he directed that his residuary estate should be administered. The scope of our inquiry permits us to disregard as irrelevant the several outright bequests which dispose of 40% of the residuary estate. The balance — comprising 60% of that residuum — is bequeathed by the testator to his wife, the petitioner herein but that bequest is qualified by the direction that " * * * my executor pay the same to her in monthly payments of Thirty-five ($35.00) Dollars * * * ". That such bequest was not intended to be an absolute gift to his wife is, we think, clearly indicated by the succeeding sentence in the will — "In the event Mollie Goodheart dies before *her share* of the sixty per cent (60%) is paid to her in monthly installments as aforesaid, then in that event the balance of her share remaining is to be paid to her son, Joseph Goodheart." (Emphasis supplied.) We regard as significant the use by the testator of the phrase "her share" of 60% of the residuum. Contrary to the construction urged by the petitioner and adopted by the Appellate Division — that the testator intended his bequest to the petitioner to be an absolute gift of a stated percentage of his residuary estate — we think the testator's use of the phrase "her share" in connection with that stated portion of the residuary expresses his intent that only so much of sixty percent (60%) of the residuary estate shall be paid to his wife as equals at her death the total sum which then shall have been

" paid to her in monthly installments as aforesaid " — viz., " monthly payments of Thirty-five ($35.00) Dollars ". If the total of those monthly payments made to her prior to her death does not exhaust 60% of the residuary estate — against which they are made a charge — the balance will be distributed as intestate property to the distributees of the testator.

Concluding, as we do, that the testator chose language which clearly defines his testamentary plan we cannot now approve a different plan by resorting to the rule which indulges a presumption that the testator did not intend to die intestate as to a portion of his estate. (*Matter of Disney,* 190 N. Y. 128, 131; *Matter of Tamargo,* 220 N. Y. 225, 228, 232.) In the circumstances disclosed by this record we need no canon of construction to justify our conclusion " * * * except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail ". (*Matter of Buechner,* 226 N. Y. 440, 444.)

We also disagree with that part of the decree entered upon the order of the Appellate Division which rules that the petitioner is entitled to elect to receive whatever capital sum may be necessary to produce the monthly payments for which the " Fifth " paragraph of the testator's will makes provision. The common-law rule governing an annuitant's right to elect to take the capital sum in lieu of an annuity as directed to be paid distinguishes between (1) cases where the will directs the executor to pay the annuity *out of the estate* and (2) cases where he is directed to *purchase* an annuity. Where, as in the present case, the testator directs an annuity to be paid *out of the estate* with a valid gift over of any remainder, the beneficiary may not elect to receive in lieu thereof the capital sum necessary to produce the payments directed. (28 Halsbury's Laws of England [2d ed.], pp. 188–191; *Wright* v. *Callender,* 2 De. G. M. & G. 652 [1852] ; *In re Cottrell, Buckland* v. *Bedingfield,* [1910] 1 Ch. 402; *In re Hill, Westminster Bank Limited* v. *Wilson,* [1944] Ch. 270; 3 Scott on Trusts [1939 ed.], § 346, p. 1897; and, see, *Matter of Proctor,* 235 App. Div. 6, 7–8.) At common law the right to receive a capital sum in lieu of the payments directed arose only when the executor was directed to purchase an annuity. (*Matter of Cole,* 219 N. Y. 435, 438; and see *Matter of Fischer,* 261 App. Div. 252; *Matter of Bertuch,* 225 App. Div.

773; *Matter of Oakley*, 142 Misc. 1, 2–5; *Matter of Foster*, 174 Misc. 933, 936.) Although the law governing *purchased* annuities has no application in the circumstances with which the present proceeding deals, it should be noted that the Legislature, by the enactment of section 47-b of the Decedent Estate Law, has changed the common-law rule respecting *purchased* annuities by providing that the annuitant may not elect to take the capital sum which the will directs shall be used for such purchase in lieu of such annuity " * * * except to the extent the will expressly provides for such right, or except to the extent that the will expressly provides that an assignable annuity be purchased." Finding in the will we are now construing no language which directs the executor to *purchase* an annuity, this case is governed by the common-law rule applicable to annuities payable directly *out of the estate* and accordingly the petitioner is not entitled to elect to receive the capital sum necessary to produce the monthly payments of $35 which the testator directed shall be paid to her.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in the Appellate Division and in this court to the appellant, payable out of the estate.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Ordered accordingly. [See 296 N. Y. 837.]