Anthony P. Savarese, S.
In conjunction with the executor’s accounting, he requests a construction of the residuary clause of the will. The testatrix died on November 30, 1951. Under the terms of her will and after providing for general legacies the only other disposition made in her will is contained in paragraph ‘ ‘ Sixth ’ ’ thereof which reads as follows:
“ Sixth: All the rest residue and remainder of my property, both real and personal, of whatsoever nature and kind and wheresoever the same may be situated, I direct my executors, *983 hereinafter named, to hold the same in trust for the following purposes:
“ a) I direct my executors, hereinafter named, to send one (1) $10.00 package of clothing and one (1) $10.00 package of food every three (3) months to each of the following named persons:
1. Johana Mihaljevic; Branimirova ulica 25, Zagreb, Hrvatska, Yugoslavia. (My niece.)
2. Alojz Knavs; Narodue Banka, Ljubljana, Slovenia, Yugoslavia. (My nephew.)
3. Zupnik Janez Samca; Cerkev Marija Sneznice, Obcina Gors, pri Sodrazici, Slovenia, Yugoslavia. (Priest.)
“ b) I hereby direct my executors, hereinafter named, to have a Mass offered for the repose of the immortal souls of my late husband, John Jeglich and myself at St. Terasa’s Roman Catholic Church in Sunny side, New York, every three (3) months.”
Counsel for the purported trust beneficiaries urges that the trust in subdivision (a) is invalid because there are three measuring lives, and as an alternative that the purported trust is an annuity which permits the beneficiaries an election to receive a capital sum in lieu thereof. The trust is not invalid, since it appears that the dominant purpose of the testator -was the creation of three trusts for the benefit of three beneficiaries, •terminable by separate lives. (Matter of Horner, 237 N. Y. 489.) Insofar as the gift being an annuity, apparently this was the intention of the testatrix in view of the provision for payment of quarterly sums for the lives of the beneficiaries, absolutely and without contingency, to be paid out of principal as well as interest. However, in the absence of language directing the purchase of an annuity, which is governed by section 47-b of the Decedent Estate Law, this case falls within the common-law rule applicable to annuities payable directly “out of the estate”. (Matter of Maybaum, 296 N. Y. 201.) Where the testator directs an annuity to be paid out of the estate with a valid gift over of the remainder, the beneficiary may not elect to receive a capital sum instead of the annuity payments. (Matter of Maybaum, supra.) In the case before this court no provision was made for a remainder in the event of the death of a beneficiary, but this being a residuary trust the corpus would necessarily go by intestacy upon the happening of such contingency. The rights of the distributees, of the testatrix prevent the beneficiary from demanding and receiving the capital sum at once. (Matter of Harris, 143 N. Y. S. 2d 746.) Accordingly, the beneficiaries of the trust are not *984 entitled to elect to receive the capital sum necessary to produce the payments which the testatrix directed shall he paid to them.
In connection with the charitable trust in subdivision (b), which constitutes the other half of the residue, the testatrix intended Masses to be offered at what was formerly known as St. Theresa’s Church located at the corner of 44th Street and Skillman Avenue in Sunnyside, New York, where she regularly attended church. About two years after her death the above-mentioned church became known as the Queen of Angels Church. In the Surrogate’s discretion, the gift for Masses may be executed cy pres by payment thereof to the successor church. Since the donee has declined to accept for a period of more than two years, it becomes the duty of the court to apply the remainder to an object which, so nearly as conditions permit, will effectuate the intentions of the testatrix. (Matter of Breckwoldt, 176 Misc. 549.) The court directs that following the payment for the offering of Masses at Queen of Angels Church for two years, the remainder shall be distributed to the Passionist Monastery of the Immaculate Conception, Inc., Jamaica, New York. Account settled.
Submit decree on notice.