J. Kenneth Serve, S.
There has been instituted in this court a proceeding for the judicial settlement of the accounts of Henry P. French, as executor and trustee of the estate of Clarine F. Brown, deceased. Among the persons cited were Lloyd Spanton, Lena Mae Wells and Burroughs A. Strickland, Jr., all of whom are beneficiaries under the will of the decedent. Following service of citation each of the afore-mentioned persons made and filed separate answers and each requested a construction of a part of the decedent’s will.
Lloyd Spanton requested the court to construe paragraph sixth which reads as follows: * ‘ sixth : I give and bequeath to my Trustees hereinafter named the sum of Fifteen thousand dollars in trust to be deposited in a Savings Bank and to pay out of income and principal to Lloyd Spanton the sum of Seven hundred dollars each year until the fund is used up. ’ ’
Lena Mae Wells has requested the court to construe paragraph fourteenth which reads as follows: “ fourteenth : I give to my trustees hereinafter named the sum of Fifteen thousand dollars in trust to be deposited in a Savings Bank and *657 to pay out of the income and principal the sum of One thousand dollars to Lena Mae Wells each year until fund is used up.”
Burroughs A. Strickland, Jr., has requested a construction of paragraph sixteenth and the same reads as follows: ‘ ‘ sixteenth : I give my Trustees hereinafter named the sum of Ten Thousand Dollars in trust to be deposited in a Savings Bank and out of income and principal to pay to Burroughs A. Strickland Jr. the sum of Five Hundred Dollars each six months until fund is used up. ’ ’
Each of the above-named respondents makes the same claims as to the paragraph he or she is interested in. Each claims that the language that the testatrix used does not create a valid trust in favor of the beneficiary named in each clause, but rather that the trust so attempted to be created is invalid because the testatrix has created an annuity and such annuity has become vested in each of the respective beneficiaries as an absolute and vested annuity. Each respondent further urges that because the language of the testatrix has created an absolute and vested annuity that the principal of such annuity is subject to the demand of each beneficiary for full payment thereof in place and in stead of annual payments.
The residuary legatee and the administrator c. t. a. oppose the construction sought by the three answering respondents and request the court to construe the quoted paragraphs of the decedent’s will as creating valid trusts and further that the amount that remains of the trust fund upon the death of the named beneficiary prior to the full payment of principal of such trust shall pass to the residuary legatee.
In its original use the word ‘ ‘ annuity ’ ’ generally meant a contract or settlement under which a fixed sum was payable annually to the beneficiary for life and all obligations under such arrangement ceased on the death of the beneficiary. The fundamental characteristic of an annuity is the right to a definite sum periodically at all events. Lately the term “ annuity ” has acquired an extended meaning. Any arrangement under which a minimum stated amount is directed to be paid at stated times to the beneficiary whether under a trust or otherwise has been denominated as an annuity. (Matter of Graczyk, 66 N. Y. S. 2d 750; Matter of Fischer, 117 N. Y. S. 2d 267.)
In the instant case the intent of the testatrix was to give to each of the beneficiaries in the above-quoted paragraphs a stated sum payable at a definite time, absolutely and without contingency. The trustee is mandated to pay such amounts out of income and principal. Even though the language utilized by the testatrix is the same as is customarily found in setting up *658 a testamentary trust, the court finds and determines that the testatrix intended to create an annuity for Lloyd Spanton, Lena Mae Wells and Burroughs A. Strickland, Jr., the respective beneficiaries of paragraphs Sixth, Fourteenth and Sixteenth. (Matter of Harris, 143 N. Y. S. 2d 746; Matter of Schirmer, 113 N. Y. S. 2d 697; Matter of Martin, 187 Misc. 980.)
The three answering respondents each claims the right to elect to receive the capital sum in lieu of the annuity payments. In the absence of language directing the purchase of an annuity, which is governed by section 47-b of the Decedent Estate Law, this case is governed by the common-law rule applicable to annuities, which are payable directly “ out of the estate The common-law rule governing an annuitant’s right to elect to take the capital sum in lieu of an annuity as directed to be paid distinguishes between (1) cases where the will directs the executor to pay the annuity out of the estate and (2) cases where he is directed to purchase an annuity. At common law the right to receive a capital sum in lieu of the payments directed arose only when the executor was directed to purchase an annuity. When the testator directed an annuity to be paid out of the estate with a valid gift over of any remainder, the beneficiary did not enjoy the right to elect to receive in lieu thereof the capital sum necessary to produce the payments directed. (Matter of Maybaum, 296 N. Y. 201; Matter of Oakley, 142 Misc. 1.)
In the case entitled Matter of Barclay (52 N. Y. S. 2d 815-816) the testatrix provided in her will as follows: “‘I hereby give, devise and bequeath unto my trustees named in my last will, the sum of $2,000.00 in trust however, to invest the same, and to pay out of the income and principle (sic) thereof to my beloved niece Nora Brennan the sum of $20.00 per month until this fund is exhausted. ’ ” The testatrix did not make any provision as to what would become of the balance of the principal sum if the beneficiary died prior to the time that the fund was exhausted. In that case the court held that the beneficiary was entitled to receive the fixed sum when due but that she had no right to immediate payment of the entire fund and further that in the event of the death of the beneficiary, the residuary legatee had a vested right to receive any balance of the corpus remaining on hand.
In the case of Matter of Harris (supra, p. 749), the testator provided among other things as follows: “ I give devise and bequeath to my executor or trustee hereinafter named, one-half of the legacy or legacies, trust or trusts or other benefit or benefits * * * in trust nevertheless for the use and benefit *659 of such person or persons, to be paid to such person or persons by my executor and trustee as near in equal monthly installments as possible over a period of ten years.” The testator did not provide that in the event the beneficiary died prior to the 10-year period as to any gift over of the remainder. An attempt was made to elect to receive the capital sum in lieu of the annuity. In deciding that case the court held that in view of the fact that no gift over was made in case of the death of the annuitant before the expiration of 10 years and such trust being a residuary trust the corpus would go by intestacy upon the happening of such contingency and the rights of such third parties would prevent the annuitant from demanding and receiving the capital sum at once.
In this case now before the court the testatrix provided for the payment of the annuity out of the estate and even though she did not expressly provide for a gift over in the event that the annuitant died prior to the exhaustion of the fund, she did make provision for the distribution of her residuary estate. By such provision for her residuary estate, she impliedly made a valid gift over of any remainder.
This court does hold and determine that each of the aforementioned annuitants does not have the right to elect to receive the principal of the annuity in a lump sum in place and in stead of the annual payments. In the event of the death of the annuitant prior to the payment of the full amount of the corpus, the residuary legatee has the right to receive any balance of the corpus remaining on hand.
It is the settled rule that in case of a will, if no time is fixed, an annuity given thereby commences from the date of the testator’s death and the first payment is to be made at the end of 12 months from that time. (Kearney v. Cruikshank, 117 N. Y. 95.)
In the instant case the annual payment was due and payable to the annuitants, Lloyd Spanton and Lena Mae Wells, one year subsequent to the death of the testatrix. In the case of Burroughs A. Strickland, Jr., the first semiannual payment was due and payable six months after the death of the testatrix.
The court is not unmindful of the rule that the gift of the income without a gift of the remainder implies a gift of the remainder. Under the facts in this case such rule does not apply. (Matter of Palmer, 63 N. Y. S. 2d 132; Matter of Barclay, 52 N. Y. S. 2d 815, supra; Matter of Frayer, 155 Misc. 811.)