Maximilian Moss, S.
Under paragraph “Second” of her will testatrix directed her executrix to sell a parcel of realty, and from the proceeds thereof a legacy of $1,000 was given to her sister, and the balance to the executrix as trustee. The trustee was directed to invest the said fund and “ to pay the sum of $500 yearly from the corpus to my grandson until he reaches the age of thirty years, and at that time the remainder of said trust is to be paid to him in full.” Under paragraph “ Fourth ” of the will the testatrix gave her residuary estate to the same grandson.
The testatrix died on October 22, 1955, and the grandson is now 25 years of age. The executrix-trustee seeks to limit the grandson to a lesser sum than $500 yearly, in the absence of compelling necessity. This limitation is sought to be justified upon the basis of alleged conversations with the testatrix, both prior and subsequent to the will’s execution.
The intent of a testatrix however, must be gathered from the reading of the will as a whole (Matter of Evans, 234 N. Y. 42 ; Matter of Schliemann, 259 N. Y. 497, 503) and when the words used in the will are clear and definite there is no power to change them (Matter of Watson, 262 N. Y. 284, 293 ; Matter of Bisconti, 306 N. Y. 442, 445)., The language used by the testatrix is clear and definite and lacks ambiguity; therefore the parol testimony is inadmissible to vary the terms of the will (Dwight v. Fancher, 245 N. Y. 71), especially direct statements of the testatrix’ intentions (Matter of Smith, 254 N. Y. 283, 289).
The gift of $500 yearly to the grandson until he attains the age of 30 years is in the nature of an annuity (Matter of Graczyk, 66 N. Y. S. 2d 750, 755) and as he is the remainderman of that particular fund as well as the residuary legatee under the will, the gift may more properly be classified as a general legacy payable in specified installments until age 30 and the *994 remainder then paid to him or to his estate if he sooner dies (Matter of Trumble, 199 N. Y. 454 ; Warner v. Durant, 76 N. Y. 133 ; Matter of McGowan, 176 Misc. 189),
It is the rule that an annuity or the income from a fund is payable to the beneficiary from the date of the testatrix’ death unless a contrary intent is shown (Kearney v. Cruikshank, 117 N. Y. 95 ; Matter of Ferris, 3 N Y 2d 70). Here the testatrix has clearly shown an intent that the yearly payments shall not begin until the realty is sold (Matter of Graczyk, 66 N. Y. S. 2d 750, 760, supra). The realty was sold on November 15, 1956, wherefore the grandson is entitled to yearly payments of $500 commencing as of November 15, 1957 and the balance of the unpaid installments shall be paid to him now. The will is so construed. The grandson of testatrix having failed to offer any proof in support of his asserted claim in the sum of $300, such claim is dismissed.