■ In the Matter of the Estate of KATHRYN G. MESSNER, Deceased. JANE MULLER, Respondent; PHILIP WITTENBERG, as Sole Executor of KATHRYN G. MESSNER, Deceased, Appellant.— Decree appealed from affirmed, with $50 costs and disbursements to both parties payable out of the estate. Concur — Breitel, J. P., McNally and Capozzoli, JJ.; Stevens and Steuer, JJ., dissent and vote to modify in a dissenting memorandum by Stevens, J. I dissent and vote to modify the decree appealed from so as to eliminate all payments prior to the delivery of the policy. The general rule is that an annuity commences at the date of the testator's death unless the will provides otherwise (*Kearney* v. *Cruikshank*, 117 N. Y. 95, 100). The Surrogate applied the general rule. With that determination I disagree. It is now well settled that the intent of a testatrix is to be gathered from reading the will as a whole (*Matter of Evans*, 234 N. Y. 42, 45). Paragraph "Sixteenth" of the will bequeaths an annuity to four named persons, with a direction that the executor provide for payment thereof by purchasing and delivering the annuity contract so purchased to each of the said annuitants. Paragraph "Twenty-Third" of the will directs the executor to sell all of testatrix' interest in the Messner corporation "as soon after my decease as may be practicable, but in no event longer than a period of six (6) to nine (9) months * * * but in no event shall such

sale be made for an initial cash sum less than that sufficient to satisfy the purchase of the annuities herein provided for ". The cost of the annuities was in excess of $300,000. The chief asset of the estate consisted of 82½% of the issued stock of the Messner corporation. All other assets, excluding the stock, were clearly insufficient to permit the executor to make the directed annuity purchases. Of this fact the testatrix must have been fully aware. Thus when she (1) directed the purchase of the annuities, and (2) provided for the cost thereof by utilization of the proceeds of the stock sale " as soon as practicable ", it must be held that payment of the annuity was to commence upon the sale and purchase, subject only to the limitation that the sale be " as soon as practicable." It is not here contended that the sale was not as soon as practicable, which might affect the duty of the executor to respond, but certainly does not fix the time of the commencement of the annuity obligation (cf. *Matter of Sangnier*, 28 Misc 2d 992). [48 Misc 2d 602.]