John D. Bennett, J.
In this final accounting proceeding by the trustees of the residuary trust for the benefit of the decedent’s surviving spouse, the petitioners request a construction of the amount of principal payable to the estate of the surviving spouse. Paragraph fourth of the will, in addition to providing for the payment of income from the residuary trust to the decedent’s wife, also directed a payment “to her out of the principal of said trust estate during each year after the establishment of said trust estate, [of] an amount or a part of said trust having a value equal to 20% of the original value of the principal of said trust fund; and at the expiration of five (5) years from the date of the establishment of said trust, to pay to or for the benefit of my said wife, clora osterlof, the entire balance of principal of said trust estate then on hand, together *878 with all accumulated income ”. (Emphasis supplied.) The testator alternately provided that if his wife did not survive this five-year period the remainder would be payable to his distributees living at the time of his wife’s death.
Although the decedent’s death occurred on October 27, 1965, the residuary trust was not actually funded until January 17, 1967 and the first payment of 20% of the principal fund was not made until January 17, 1968, the first 11 anniversary date ’ ’ of the trust. The decedent’s surviving spouse’s death occurred on June 22,1971, approximately six months short of the fifth “ anniversary date ” of the trust. Had she survived to that date there would be no question that her estate would be entitled to the entire balance of the trust fund.
Two of the three cotrustees here are also the two coexecutors of the estate of Clara Osterlof, the decedent’s surviving spouse. Apparently because of these conflicting interests the petitioners have seen fit to cite the Attorney-General as the representative of ultimate charitable beneficiaries under the will of Clara Osterlof which, it is alleged, contains a bequest of two thirds' of her residuary estate for charitable beneficiaries to be designated by the executors. However, no indication is given as to any other interested persons in her estate but in view of the court’s agreement with the interpretation of the will advanced by the Attorney-General, that omission is not critical at this point.
Here the testator provided that the principal payments of 20% of the trust fund were to commence after the “ establishment of said trust estate.” When is a trust “established”? An almost identical question was asked in a leading case by the Court of Appeals and answered in the following language: “When is a trust created? The answer depends upon the intentions of the testator as expressed in his will — not upon the action or non-action of executor or trustee — not upon their caprice or diligence. It may be upon the testator’s death. It is if there is nothing to indicate a contrary design. Where a sum is left in trust with the direction that the income be paid to A, then A is entitled to income from the death of the testator. * * * The trust certainly is created from the date when the cestui becomes entitled to its benefits.” (Matter of Bird, 241 N. Y. 184, 187-188; see, also, Matter of Maeder, 69 Misc 2d 163, and cases there cited.)
Moreover, not only is income from a trust fund payable to the beneficiary from the date of the testator’s death unless a contrary intent is shown (EPTL 11-2.1, subd. [c], par. [1]), but *879 this same rule applies to an annuity or payment of specified installments from principal over a given period. (Matter of Messner, 19 N Y 2d 902; Kearney v. Cruikshank, 117 N. Y. 95; Matter of Ferris, 3NY 2d 70; Matter of Sangnier, 28 Misc 2d 992.)
In the court’s opinion the direction that these payments commence after the 1 ‘ establishment ’ ’ of the trust is synonymous with the direction that they commence after the trust’s creation. Since Matter of Bird {supra) provides that in the absence of a contrary indication a trust is created at the testator’s death, it accordingly follows that the decedent’s wife survived the required five years following the “ establishment ” of the trust and accordingly her estate is entitled to the entire balance of the fund. The trustees contend that the trust was “ established” on January 17, 1967 at the time they saw fit to make the first distribution to themselves as trustees. However, the court can see no reason to give this date any particular significance. As the Bird case (supra, p. 187) clearly warns, substantial rights such as here should not depend upon “ action or non-action of executor or trustee — not upon their caprice or diligence.” Accordingly, the court determines that the trust was established at the decedent’s date of death. The account is directed to be amended in accordance with this determination. In addition, supplemental citation is directed to be served on all interested persons in the estate of Clara Osterlof (SCPA 2210, subd. 10).