Irving Goldman, S.
The deceased, Delor J. LeFave, a widower, died testate on January 20, 1972, leaving him surviving as his only next of kin, his son Robert and Robert’s three children, Julie Delores LeFave, James Daniel LeFave, and Robert A. LeFave, Jr. His will, admitted to probate in this court created two trusts. The trust in paragraph Second was funded with $10,000 as its principal and was left in trust with National Commercial Bank and Trust Company to be used for the college education of the three grandchildren named above. If not consumed for that purpose by the time the youngest reached 25, the remainder was then to be distributed according to the provisions which followed in the will. Paragraph Third provides: "Third: I give, devise and bequeath all the rest, residue, and remainder of my property to my beloved son, Robert D. LeFave, and direct that said sums will be held in trust with the National Commercial Bank and Trust Company, Plattsburgh Branch, Plattsburgh, New York, as Trustee and I further direct that my beloved son, Robert D. LeFave, *553 shall be allowed to withdraw only One thousand and 00/100 ($1,000.00) Dollars per year, plus the interest earned from this account.”
It is with this latter "trust” that this proceeding is concerned.
The National Commercial Bank and Trust Company renounced its appointment. By agreement, Thomas R. Quinn, an attorney of Plattsburgh, New York, was appointed as substitute trustee.
The principal of the "trust” in paragraph "Third” consists of the residue of the estate. Robert LeFave, the petitioner herein, is the residuary legatee and the beneficiary of the trust. No remainderman is named in the trust nor has any provision been made for the disposition of the remainder. Presumably, were Robert to die before the principal was exhausted, such remainder would pass by intestacy to his heirs, his three children.
The language employed in paragraph "Third” resembles an annuity. An annuity has been defined as "a yearly or other periodical payment of a certain sum of money granted to another in fee, for life, or for years.” (3 NY Jur, Annuities, § 1, p 176.) Its fundamental characteristic is the right to a definite sum periodically at all events. It can be funded by means of a trust (Matter of United States Trust Co., of N.Y. 86 Misc 603, affd 168 App Div 903, affd 216 NY 639). An annuity is distinguished from a trust in that an annuity confers upon the beneficiary a right to a fixed sum of money whether derived from principal or income, whereas the beneficiary of a trust is entitled to an amount based on income only. The annuitant is entitled to the stipulated payments irrespective of earnings derived from the corpus. (3 NY Jur, Annuities, § 3, p 180.) The interest of an annuitant is assignable and may be alienated. The restrictions imposed by New York law prohibiting the alienation of trust income does not apply to annuities nor to trusts created for the payment of annuities out of income and principal. (Matter of Fowler, 263 App Div 255, affd 288 NY 697; Wells v Squires 117 App Div 502, affd 191 NY 529.)
An annuitant is not entitled to take the entire principal rather than instalments unless the will otherwise expressly directs or provides for the purchase of an assignable annuity EPTL 3-3.9). Where no purchase is directed, the statute has no application and the annuity is governed by the common-law *554 rule applicable to annuities payable directly from the estate assets. As stated in Volume 7 A (§ 54, par 5[a]) of Warren’s Heaton on Surrogates’ Courts "The statute, then, has changed the common law rule only with respect to purchased annuities, and the common law rule applicable to annuities payable directly out of the estate is still effective, giving the annuitant in such a case no right to elect to take the capital sum rather than the provided payments. Matter of Maybaum, 296 N. Y. 201, 71 N. E. 2d 865, 169 A.L.R. 1357; Matter of Fischer; 261 App. Div. 252, 25 N. Y. Supp. (2d) 140, rearg. den. 261 App. Div. 956, 27 N. Y. Supp. (2d) 191. Thus today no right exists to take the capital sum.”
Petitioner here seeks an order directing the trustee to pay over the entire principal to him. He contends that he has that right of election since there is no gift over of the remainder of the annuity should he die; that accordingly, an outright gift results because of the rule that a gift of income without a gift over of the remainder implies an outright gift. But the rule with respect to annuities as set forth above vitiates this argument since the rights of third parties such as the beneficiary’s distributees, proscribe the beneficiary from demanding and receiving the principal at once. (Matter of Trumble, 199 NY 454; Matter of Graczyk, 66 NYS2d 750.) Similarly, payment of the capital sum in lieu of annuity payments was denied in Matter of Brown (25 Misc 2d 656) and in Matter of Barclay (52 NYS2d 815). The court in Brown (supra, p 659) while noting the rule that a "gift of income without a gift of the remainder implies a gift of the remainder” held that it did not apply citing Matter of Palmer (63 NYS2d 132), Matter of Barclay (supra) and Matter of Frayer (155 Misc 811). The courts have viewed bequests of money placed in trust with fixed monthly or annual payments therefrom without provision for the remainder as general legacies with time of payment postponed. Payments were to.be made until the principal is exhausted with the remainder going to the beneficiary’s estate were he to die sooner. (See Matter of Trumble, supra; Matter of Sangnier, 28 Misc 2d 992; Matter of Graczyk, supra; Matter of McGowan, 176 Misc 189; Matter of Helffenstein, 26 NYS2d 982.)
The facts here closely resemble those in Matter of Harris (143 NYS2d 746, 749) where money was placed in trust to be paid out to the beneficiaries "as near in equal monthly installments as possible over a period of ten years”. No gift over of *555 the remainder was provided in the event the beneficiary died prior to the 10-year period. An attempt to elect to receive the capital sum in lieu of the annuity was rejected. The court held that in absence of a gift over in case of death before the expiration of 10 years and being a residuary trust, the corpus would go by intestacy. The rights of the third parties would prevent the annuitant from demanding and receiving the capital sum at once.
In this proceeding, Robert LeFave’s children, as his potential distributees would be interested parties. No affidavits reflecting service of a notice of the within proceeding upon these children is on file, albeit an order was issued permitting the service by mail on a son, Robert LeFave, Jr., as a nonresident living in Florida. Nor did any of the children appear at the hearing which was attended only by the petitioner beneficiary, the trustee and their respective counsel. Hence, the court is without jurisdiction to grant the relief requested in the petition without proof that all interested parties had been served. Accordingly, the proceeding has been treated as one for construction of paragraph "third”.
In any event, the court would be constrained to follow the decision in Harris (supra), and decline to cut off the rights of the petitioner’s children in the absence of their express consent. The solution to petitioner’s problem is suggested in Matter of Schirmer (113 NYS2d 697), where a fixed sum required to be paid by the trustee to the beneficiary was found to be an annuity rather than a trust since the amount was to be paid absolutely and without contingency from both principal and income. The will had provided for disposition of the remainder. Since the remaindermen had assigned their interests to the beneficiary, Surrogate Griffiths implicitly upheld the assignments permitting the beneficiary to receive the entire fund. See Wells v Squires (117 App Div 502, affd 191 NY 529, supra), cited with favor in Matter of Trumble (supra).
In summary then, Robert LeFave would be entitled to an order directing payment of the principal sum to him by the trustee upon proof of assignment by his children of their contingent interest in the trust remainder.